# Table of Appendix

Notice of Good Faith Server
on Harrah's casino
   Appendix  A


Valley center sheriffs Dept
Report. Appendix  B


L.A. parole Dept Report
Appendix  C


Statement given to
Appendix  D

-1-

pARole hearing.
        Appendix E-1#


psych History. Appendix E-2#

CHARGE summARy Appendix F

The petitioner tAken Responsea-
bility for his Action's
    Appendix G


psych Report Refuse to be
updated Appendix H

The petitioner Was Enroll
in A Rehab center & Working
        Appendix I          Veryhari

- 2 -

Complaint on Attorney's Sherry Stone, Donald m, Rosen- stock, And James m, mAyard. Appendix J

Min order's Appendix K

Evidence that Attorney maynard, Refnse to Addressed the credit's C D.C.R. owe petitioner, And file A motion to Correction of Sentence. Appendix L

complaint on Donald m, Rosen- stock & James N. MAynard to The STATe BAR
    Appendix m

- 3 -

Letter's from probation Dept

Appendix N

John Ballard, Investigator

Exhibit in Appendix M

Appendix

A

MR. Joseph W. Jones SR-BEY
#D-41658          C4-122
P.O. BOX 3030
SusanVille, C.A. 96127

Harrah's Casino
777 Harrh's Rincon WAy
Valley CenteR, C.A. 92082

RE: Incident on 05-22-05

ISSuE: your staff False call to
911 that cause Harm


please tAke Notice that you
are being put on Notice for a
False call of Robbery being made by
your staff Who cause Harm to
Joseph W. Jones SR. this CAll Was
made Because your staff Was
Racialism, AnD after the FACT

- 1 -

Knowing it Was No Robbery
TAken place.

   d Was a gnest At yonr
casino that yonr staff
Canse harm.

      To correct this
Wrong d Will tAke $20.000
Are We are going to conrT.
you have 90 DAy's to
Answer this Notice of
GooD faith.

Date:

Joseph W. Jones SR-Bey

-2-

Appendix 

Appendix    C

STATE OF CALIFORNIA        DISTRIBUTION:    DEPARTMENT OF CORRECTIONS

ORIGINAL - BOARD REPORT

CHARGE SHEET/PAROLE VIOLATION REPORT - PAROLE HOLD REQUEST

CDC 1676 (4/91)             2ND COPY - H.A.

            3RD COPY - PAROLE

REPORT TO:    [X] BOARD OF PRISON TERMS        4TH COPY - U.S.

        [ ] NARCOTIC ADDICT EVALUATION AUTHORITY

*(handwritten: 1020)*

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| D41658 | Jones, Joseph | Jones, Wayne | III/Ingle #1 | [ ] YES [X] NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 5-22-05 | San Diego Sheriff Dept. | [X] MANDATORY [ ] NON-MANDATORY | 5708897/Vista Det. Ctr. |

| ARREST CODE * | * ARREST CODES: | | |
|---|---|---|---|
| 3 | A   P&CSD STAFF ALONE | B   LAW ENFORCEMENT AGENCY ALONE | |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 5-22-05 | 5-22-05 | Intact | A.Jones | 2-08-07 | 2-08-07 | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. Petty Theft w/Prior (670) | | 4. | |
| 2. Traveling beyond 50 miles w/out P&CSD approval (028) | | 5. | |
| 3. | | 6. | |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|
| [ ] ABSCOND [ ] SELF [X] PROPERTY-OTHERS [ ] SAFETY-OTHERS | | |

*FIELD FILE INDICATES THAT SUBJECT HAS NO PSYCHIATRIC/ADA DISABILITIES, PER CDC 128C, DATED 10-22-03; SUBJECT DENIES MENTAL HEALTH ISSUES, PER BPT 1073, DATED, 5-24-05*

*(handwritten: PVWNT : PETTY TH W PRIOR   5 years 80% code 3)*

**SUPPORTING EVIDENCE**

**CHARGE #1:**
On 5-22-05, at approximately 1628 hours, Parolee Jones was arrested by San Diego's Sheriff's Deputies following a citizen's complaint; he was charged with *PC 666 PETTY THEFT W/PRIOR*. The allegations leading to his arrest are as follows:

At approximately 1550 hours, on 5-22-05, the victim, Josephine Negrete, informed a security officer that she was gambling on a slot machine at Harrah's Casino, 777 Harrah's Rincon Way, Valley Center, CA 92082. While gambling, she turned on an assistance light above her slot machine to request change for a $100.00 bill. Parolee Jones, who was standing in the area, approached Miss Negrete, commenting that she won. After being told that Miss Negrete only needed change, Parolee Jones took Miss Negrete's $100.00 bill telling her he would get change. Subject never returned with the victim's money; he later admitted that he gambled the money on another machine.

**PAROLEE STATEMENT:**
On 5-27-05, Agent of record conducted a telephone interview with Parolee Jones from Vista Valley Jail. Subject *admitted that he took money from the victim and that he gambled the money on a slot machine*. Subject also stated that he gambled the money because he could not locate the victim after he returned with her cash.

**VICTIM STATEMENT:**
On 5-22-05, Miss Negrete was interviewed by San Diego Sheriff's Deputies. Her statement is as follows: She was gambling at a slot machine inside the Harrah's Casino when she realized she needed more money. She turned on the assistance light for her machine and suddenly a man, later identified as Parolee Jones, appeared commenting that she had won. When Miss Negrete

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Jones, Joseph | D41658 |

Page 1 of 4

told him (Parolee Jones) she only needed change, Mr. Jones was all too willing to seek help for her, leaving to find a slot employee. Miss Negrete said her first impression of Mr. Jones was that he was an employee for the casino. He took the money from her hand and left. As he did so, subject turned to Miss Negrete and asked how she wanted her change made (20's and 10's). Miss Negrete said she didn't realize something was wrong until Parolee Jones failed to return after several minutes.

**WITNESS STATEMENT:**
On 6-1-05, Agent of record interviewed Bill Cochrane, the on-duty security EMT for the casino. He was present during the incident and spoke to Parolee Jones before sheriff's deputies arrived. Mr. Cochrane stated that Parolee Jones had initially denied taking money from the victim. Subject was given an opportunity to re-pay the victim's money, but he refused. Subject argued belligerently with the casino staff and attempted to leave the scene without owning up to his actions or repaying the victim. When San Diego Sheriff's Deputies arrived, subject was inside his truck, leaving the casino parking lot. It was only after Parolee Jones was taken into custody that he admitted taking the victim's money and offering to repay her.

**CHARGE #2:**
On 5-22-05, Parolee Jones was arrested by San Diego Sheriff's Deputies. Subject did not request/receive a visitation permit to travel more than 50 miles beyond his residence. Subject appeared at the Inglewood #1 Parole Office on 5-20-05, and failed to advise Agent of record of his intent to leave Los Angeles County.

**PAROLEE STATEMENT:**
On 5-27-05, Agent of record conducted a telephone interview with Parolee Jones from Vista Valley Jail. Subject *admitted to traveling beyond 50 miles from residence w/out P&CSD approval*. Mr. Jones stated that he forgot that he was required to obtain a visitation pass before leaving Los Angeles County.

**ATTACHMENTS:**
Arrest Report, case # 05041361-C.

**COURT INFORMATION:**
Subject is scheduled to appear in court on June 6, 2005 at 0830 hours, case# 05041361-C; Vista Valley Court House. He is being charged with PC 666, Petty Theft w/ a Prior.

**WITNESSES:**
1. Officer A. Radicia, #4093, San Diego Sheriff's Department: Valley Center Sub-Station, 28205 N. Lake Wohlford Rd., Valley Center, CA 92082, (760) 751-4400, FAX (760) 751-4430.
2. Bill Cochrane, on-duty security EMT for the Harrah's Casino: 777 Harrah's Rincon Way, Valley Center, CA 92082,

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | Jones, Joseph | D41658 |

## ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | | DATE OF REPORT |
|---|---|---|---|
| D41658 | Jones, Joseph | | 6-1-05 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| POSSESSION OF CONTROLLED SUBSTANCE FOR SALE | 11378.5 H&S | 1-18-82 |
| THEFT OF PERSONAL PROPERTY | 484 PC | 5-3-85 |
| POSSESSION OF NARCOTIC CONTROLLED SUBSTANCE | 11350 (A) H&S | 10-11-86 |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 02-08-04 | N/A |

ANTI-NARCOTIC TESTING.
NO CONTACT W/HOOVER CRIPS OR OTHER GANG MEMBERS.

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4121 W. 58TH PLACE<br>LOS ANGELES, CA 90043 | ROBIN JONES, SPOUSE | STABLE |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| UNEMPLOYED | N/A | N/A | N/A |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Parolee Jones is a 47 year-old, multi-termer, presently serving parole for Robbery 2nd. His CII printout shows prior convictions for Theft and Drug-related Offenses.

In this instant matter: Mr. Jones was arrested after taking money from an elderly woman at a casino. Subject was taken into custody after he was seen leaving the scene in his pick-up truck. A security officer at the scene stated that Mr. Jones denied taking the victim's money up until he was arrested by sheriff's deputies.

Mr. Jones has been continued on parole twice for cocaine use; his most recent cocaine use was dated 5-9-05. Subject was ordered to enroll in residential treatment on 5-20-05, two days prior to his arrest, he refused--stating that he wanted to pick his own facility and enroll at a later date.

Subject recently lost his job, due to his failure to report for duty. Parole and Community Service has attempted to work with subject in achieving sobriety; he has not been receptive to our resources. Due to the seriousness of these pending charges, further review is warranted by the Board of Prison Terms.

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Jones, Joseph | D41658 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**PAROLE VIOLATION DISPOSITIONS - (INCLUDING BPT/NAEA ACTIONS)**

CDC 1244 (1/91)

PAGE _____ OF _____

**INSTRUCTIONS FOR COMPLETING** - For minor violations, the Parole Agent is to complete the columns titled "DATE OF VIOLATION", "VIOLATION", and "ACTION". The Unit Supervisor will enter the "ACTION CODE" and sign in the column titled "ACTION TAKEN BY". For all Board of Prison Terms (BPT) actions, where good cause is found, the Parole Agent is to complete all columns including the "ACTION CODE" column. Entries are to be in chronological order and typed or legibly handwritten. The Original CDC 1244 is to be maintained on the top right hand section of the field file. A copy of the CDC 1244 is to be attached to violation reports.

| ACTION | ACTION CODE | |
|---|---|---|
| COP - Continue on Parole<br>RTC - Return to Custody<br>Dismiss - No Parole Violation<br>Reinstate<br>Other | 1. Mandatory BPT<br>2. Non-Mandatory BPT<br>    A. Commitment Offense<br>    B. Repeat Violations<br>    C. Psychological Problems<br>    D. Gang<br>    E. Poor Parole Adjustment | 3. Good Parole Adjustment<br>4. Community Program<br>5. Defer Local Adjudication<br>6. Minimal Risk Person or Property<br>7. No Parole Violations |

COMMITMENT OFFENSE

667.5 P.C. [ ] YES [ ] NO     RISKS SCORE     NEEDS SCORE

| DATE OF VIOLATION | VIOLATION | ACTION | ACTION CODE | ACTION TAKEN BY |
|---|---|---|---|---|
| | Paroled 2 8 04 | | | |
| 9-3-04 | Use of Cocaine | COP | 4 | *(signature)* |
| 5-9-05 | Use of Cocaine | COP | 4 | *(signature)* |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CDC NUMBER     PAROLEE'S NAME (LAST, FIRST, MI)     UNIT



# Superior Court of California
## County of San Diego

INMATE COPY

NORTH COUNTY DIVISION
325 S. MELROSE
VISTA, CA  92081

CRIMINAL RECORDS
Phone:  (760) 726-9595

June 6, 2007
Wayne J. Jones
#D- 41658
PO Box 3030/ C4-122
Susanville, CA 96127
RE : SCN195245

Dear Mr. Jones,

The Court is in receipt of your correspondence dated 4-24-2007 regarding a request for copies.  Attached you will find copies of your court plea and sentencing dockets.  Please contact the attorney who represented you on this case for copies of their case files.

Thank you,

J. Burke
Court Operations Clerk
North County Division
Criminal Business Office

*Probation Report also attached

I/m Jones.
D-41658

SAN DIEGO COUNTY PROBATION DEPARTMENT
ADULT SERVICES
PROBATION OFFICER'S REPORT


FILED
NORTH COUNTY DIVISION

THE PEOPLE OF THE STATE OF CALIFORNIA

v.

RN:    JONES, WAYNE JOSEPH

CN:    JONES, WAYNE JOSEPH

AKA:   JONES, WAYNE JOSEPH , JONES, WAYNE J

| COURT NO.:<br>SCN195245 | DEPT. & JUDGE-7 AM 11: 23<br>North County Division Superior<br>Court 5    (36)<br>KIRKMAN, K.    CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|
| DA FILE NO.:<br>OAS59201 | ATTORNEY:<br>MAYNARD, JAMES<br>Retained |
| HEARING DATE/TIME:<br>07/12/2006<br>01:30 PM | PROB. CASE NO.:<br>21139273 |
| PROBATION OFFICER:<br>GALLOWAY, CHRISTY | PO TELEPHONE:<br>760-806-2460 |

| ADDRESS:<br>4121 W 58TH ST<br>LOS ANGELES, CA 90043- | | | | TELEPHONE NO.: | | BIRTHPLACE/CITIZENSHIP:<br>LOS ANGELES, CALIFORNIA<br>Citizen | |
|---|---|---|---|---|---|---|---|
| BIRTH DATE:<br>08/18/1957 | AGE:<br>48 | RACE:<br>BLACK | SEX:<br>M | HT:<br>508 | WT:<br>200 | EYES:<br>BROWN | HAIR:<br>BLACK |
| DRIVER'S LIC. NO.: | | INS NO.: | | OTHER ID DATA: | | | |
| DATE OFFENSE<br>COMMITTED:<br>05/22/2005 | | DATE CONVICTED:<br>04/24/2006 | | HOW:<br>Guilty Plea | | CUSTODY STATUS:<br>Bail Bond | |
| INVESTIGATING ARRESTING AGENCY:<br>San Diego Sheriff's Office | | | | DATE INFO/COMPLAINT<br>FILED:<br>05/25/2005 | | SDSO NO:<br>05143-233016 | |
| CII NO.:<br>05090732 | | FBI NO.:<br>260522P11 | | ARREST REPORT NO.:<br>05041361-C | | BOOKING NO.:<br>05708897C | |

## CONVICTED OF:

Count 1 PC484                PETTY THEFT
W/ PC666                     WITH A PRIOR

PC1203(e)(4)                 PRIOR FELONIES/NO PROBATION
PC667.5(B)/668 X 2           PRISON PRIORS
PC667(B)-(I)/1170.12 X 3     STRIKE PRIORS

## PRE PLEA AGREEMENT:

"Plead to the Sheet. Range of 16 Months to 8 Years & up to 25 Years to Life. + 2 Years"

## RECOMMENDATION: STATE PRISON

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

## RELATED COURT DATA:

None as the defendant pled guilty to all counts charged.

## PC296 STATUS:

A DNA sample has been collected by the Probation Department and will be submitted to DOJ for inclusion in their database.

## THE OFFENSE:

### SOURCES OF INFORMATION for this section

Valley Center Sheriffs Office Report #05041361-C dated 05/22/2005.

On 05/22/2005, the victim, Josephine Negrete, was gambling at Harrah's Casino in Valley Center. While gambling, Negrete turned on the assistance light above her slot machine to request change for a $100 bill. The defendant, who was standing in the area approached Negrete commenting she had won. After being told that Negrete only needed change, the defendant told her he would get a slot tech to help her. The defendant then returned and took Negrete's bill telling her he would get her change. The defendant never returned and was seen gambling with the money at another machine.

Sheriffs Deputies responded to Harrahs in reference to the above reported robbery and were met by casino Security Officers. They pointed to a silver Toyota Tacoma that was driving slowly towards them and indicated the suspect, later identified as the defendant, was in the truck and leaving. Deputies stopped the truck and its passengers. The defendant emerged from the right passenger door and was detained in the deputies patrol truck. While in the truck the defendant spontaneously told deputies he was on parole and had just gotten out of prison after serving eighteen years. When asked what happened the defendant stated he tried to help Negrete by locating a slot tech to get change for her. The defendant then stated he would be happy to give Negrete $100 for her troubles and to make things go away. Deputies told the defendant that was not going to happen. The defendant then stated when he could not find a slot tech he told Negrete he would make change for her and took her money. However, he failed to return and said he went to a slot machine and gambled with the money.

After questioning the victim and several witness the deputies questioned the defendant further. The defendant changed his accounting of the incident and then stated he went to the cashier to change the $100 bill then went to the slot machine his wife was gambling on to let her know where he was. When he returned to where Negrete had been she was no longer there. After two attempts to locate her, the defendant decided to gamble with the money himself. The defendant again told deputies he would be willing to give Negrete $100 if they could make the situation go away. The defendant was told he was under arrest and was transported to the Vista Detention Facility.

JONES, WAYNE JOSEPH                                                              07/12/2006
SCN195245

## DEFENDANT'S STATEMENT:

### SOURCES OF INFORMATION for this section

Interview with the defendant at North County Regional Center on 06/23/2006.

The undersigned explained the purpose of today's hearing, reviewed the documented information substantiating the instant offense, and the defendant related the following.

The defendant explained his behavior in the instant offense as a "bad choice because you have to be careful who you help." He then went on to say that he had left the casino bar to meet his wife at the machine she was gambling at. There was a woman sitting next to his wife and her machine "lights went off." The defendant said the woman asked him to get her change for a $100 bill. The defendant took the money but stopped at his wife's machine to let her know what he was doing. His wife asked him to wait and hold her machine while she used the restroom so the defendant gave his wife the money. When she did not return he went to the change line to wait for her. That is when the casino security officers contacted him and "took me outside." The defendant stated he was not trying to leave but was escorted outside by the security officers who were very rude to him. The defendant said both he and his wife tried to give the money back to the victim but she wanted to prosecute him. The defendant ended by saying, "My main concern right now is that the victim is elderly."

## CRIMINAL HISTORY:

### SOURCES OF INFORMATION for this section

FBI, CII, dated 04/27/2006, and Local Law Enforcement Records.

| DATE | AGENCY | CHARGE | DISPOSITION |
|------|--------|--------|-------------|
| 09/05/1978 | SO-Santa Ana | Ct 1 PC459 Burglary | NM7809524: 12/06/1978: PGM 24 Mos S-Prob, $320 Fine. |
| | | Ct 2 PC496 Rec Stolen Prop | |
| 10/11/1978 | Inglewood PD | Ct 1 VC10851 Auto theft | M140036: 04/11/1979: PGM 36 Mos S-Prob. |
| | | Ct 2 PC496 Rec Stolen Prop | |

4

JONES, WAYNE JOSEPH                                               07/12/2006
SCN195245

Additionally, deputies watched a compilation tape of the incident provided by Harrah's Casino surveillance. The tape showed two contacts between the defendant and Negrete. Also surveillance cameras at the cash cages were reviewed but no footage of the defendant cashing or changing the bill, as he said he did, were found.

In Negrete's statement to deputies she indicated the defendant appeared after she turned on her assistance light telling her she had won. When she told him all she needed was change he appeared all too willing to seek help for her. Negrete said her first impression was that the defendant was an employee for the casino. Negrete said the defendant returned a short time later stating he could not find an employee but he would make the change for her. He then took the money from her hand and left. Negrete said she did not realize anything was wrong until the defendant did not return.

## VICTIMS:

Josephine Negrete

RESTITUTION: $200.00

VICTIM NOTIFIED OF P&S HEARING:  X Yes _ No: INTENDS TO APPEAR: _ Yes  X No

### SOURCES OF INFORMATION for this section

See Below

On 07/05/2006, a standard victim letter was mailed to Josephine Negrete, explaining the victim's rights and notifying her of today's hearing.

On 07/05/2006, the undersigned contacted the victim by phone and she made the following statement. Ms. Negrete stated the defendant's behavior at the time of the instant offense indicated he had planned out what he was going to do. The defendant was acting like a casino employee and had covered the front of his shirt with casino napkins so the victim could not see if he was wearing a badge or not.  Ms Negrete believes the defendant should be incarcerated so he will "not be going around robbing people." Ms Negrete is asking for the original $100 taken from her at the casino and an additional $100 for long distance calls to the district attorneys office. She does not plan on attending the defendant's sentencing hearing.

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

| | | | |
|---|---|---|---|
| 02/07/1980 | Culver City PD | Ct 1 PC211<br>Robbery | 02/03/1981: PGF 36 Mos F-Prob, 365 Dys Jail. |
| 02/23/1980 | Norwalk SO | Ct 1 HS11379<br>Trans/Sell Cntrld Sub | 01/12/1982: PGF Ct 2 HS11378, Poss/Sell PCP. 2 Yrs Prison. |
| 01/18/1982 | Federal | Ct 1 HS11377<br>Poss Cntrld Sub | 06/04/1997: Convicted 2 Yrs Prison CC W/ Term Pres Being Srvd Fed Inst.<br>Paroled 07/08/1983. |
| 05/08/1986 | Culver City PD | Ct 1 PC459<br>Robbery | 90/23/1986: 120 Dys Jail NOLO. |
| 08/29/1986 | Los Angeles PD | Ct 1 PC459<br>Robbery | 10/16/1986: PG, 8 Yrs Prison. |
| 10/22/1991 | Santa Monica PD | Ct 1 PC211<br>Armed Robbery<br><br>Ct 2 PC487(a)<br>Take/Steal Prop<br>Over $400<br><br>Ct 3 PC148<br>False ID to Officer | 08/14/2002: Convicted 22 Yrs 8 Mos Prison. |
| 05/2202005 | SDSO | Ct 1 PC484/PC666<br>Petty Theft W/Prior<br>PC667(b)-(i)/<br>1170.12 X 3<br><br>PC667.5(b)/668<br>Cases:<br>A095021,A788789,A7<br>74709,A766586<br><br>PC667.5(b)/668<br>Case:<br>SA008335 | SCN195245: 04/24/2006: PGF<br>**07/12/2006: PH&S**<br>**INSTANT OFFENSE** |

JONES, WAYNE JOSEPH                                                                07/12/2006
SCN195245

## PROBATION AND PAROLE:

### SOURCES OF INFORMATION for this section

Local Records

The defendant has not been able to remain law abiding on probation or parole since 1978 as witnessed in the criminal history section of this report. The defendant was on parole when he committed the instant offense. The defendant's parole Agent Magee indicated the defendant had violated parole three times for cocaine use and one time in the instant offense for which he was sent back to prison for 12 months.

## PERSONAL DATA:

The following information was offered by the defendant. Unless noted otherwise it has not been verified.

Birth Place and Areas of Residence:

The defendant was born and raised in Los Angeles, California where he still resides.

Current Living Situation:

The defendant currently resides with his wife in Los Angeles. The defendant indicated they own their home.

Family Relationships:

The defendant's father died in 1991 and his mother died in 1995. The defendant stated he had an average childhood but did not get along with his older adopted brother.

Marital Status and Dependents:

The defendant was married to his present wife in 1991. He has a twenty eight year old son from a previous relationship. The defendant stated he has a good relationship with his son who works in the construction field and lives in the Los Angeles area.

Family Criminal History:

Unknown.

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

Acquaintances:

The defendant stated he mainly associates with professional people that have helped him "turn my life around."

Pro-Social Activities:

The defendant indicated he mentors juveniles in the community to make good choices for themselves.

Education:

The defendant stated he was expelled from school in the twelfth grade due to fighting on campus. When he was called into the principal's office he tried to explain he was just trying to help break up the fight he was expelled anyway. The defendant received his GED on 06/22/1998.

Military Service:

Denied.

Employment History:

The defendant became associated with PV Jobs in 2004. They provide him with jobs at various construction sites. He started performing day labor but indicated he has worked his way up to general labor. The defendant also performs occasional auto detailing services. The defendant stated that he has always worked and attended some educational classes when he has not been incarcerated.

Financial Information:

The defendant stated he has not worked in the past two weeks but that PV Jobs would be finding him a job soon. He is still awaiting checks from previous jobs but his wife is gainfully employed as a "space tech" at Northro and pays their mortgage.

Psychological and Medical Problems:

The defendant stated that in 1991 he had "kind of a nervous breakdown." While in custody from 2003 to 2004, the defendant said he was given "psych meds" for schizophrenia or bi-polar disorder after an evaluation.

Substance Abuse and Treatment History:

The defendant said he "smoked weed" on occasion when he was thirteen or fourteen years old. The defendant claims no other drug use.

A2185 (Rev. 07/23/2004)

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

The defendant stated that once he was of legal age he would drink maybe one time per week. The defendant said he presently may drink two cans of beer in the evening. The defendant stated he voluntarily attended AA/NA meetings while in custody.

Gang Affiliation:

Denied.

Immigration Status:

The defendant is a United States citizen.

Future Plans:

The defendant believes he is currently more disciplined than he has been in the past. The defendant stated, "I have done a 360 since 2004." The defendant also said he does not associate with his "old group" of friends. The defendant now takes one day at a time and knows he will be successful sub-contracting one day. The defendant also wants to continue working with kids to educate them about the choices they make.

## COLLATERAL INFORMATION:

### SOURCES OF INFORMATION for this section

See Below

The defendant submitted several letters of support from his family, friends, and coworkers. The undersigned has read and considered them in the preparation of this report. Copies of the letters will be attached to this report for the Court's information.

On 07/05/2006, the undersigned spoke to the defendant's parole agent Magee who made the following statement. While on parole the defendant was found to be in violation in 2004, 2005, and 2006 for the use of cocaine. The defendant was violated in 2005 for the instant case and sent back to prison for twelve months. The defendant was released back on parole 02/16/206, and is currently in good standing.

## SENTENCING DATA:

Possible Circumstances in Mitigation:

The undersigned reviewed the Circumstances in Mitigation contained in Rule 4.423 and found none particularly applicable to this case.

A2185 (Rev. 07/23/2004)                                    8

JONES, WAYNE JOSEPH                                                    07/12/2006
SCN195245

Possible Circumstances in Aggravation:

Rule 4.421(b)(2):        The defendant's prior convictions as an adult are numerous.

Rule 4.421(b)(3):        The defendant has served a prior prison term.

Rule 4.421(b)(4):        The defendant was on parole when the crime was committed.

Rule 4.421(b)(5):        The defendant's prior performance on parole was unsatisfactory.

Prison Term Analysis:

The sentencing range for Count 1 PC484/PC666, is sixteen months, two years, and three years.
Possible circumstances in mitigation and aggravation offer no compelling reason to deviate from the
presumptive middle term.

The defendant also pled guilty to PC 667.5(b)/688 X 2 which requires the imposition of an additional
and consecutive one year.

It is noted that the defendant admitted to three strike priors therefore pursuant to PC667(b)-(i) the
term is 25 years to life.

EVALUATION:

Probation Eligibility:

The defendant is presumptively ineligible for probation pursuant to section PC1203 (he)(4), in that he
has two prior felony convictions. The undersigned has reviewed Rule 413(c) and all its subsections
and found that none apply.

Rule 4.413(a):The defendant is absolutely ineligible for a grant of probation pursuant to PC667(c)(2).
STRIKE CASE

Therefore the defendant's suitability for probation will not be addressed.

A2185 (Rev.07/23/2004)                              9

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

Discussion:

Appearing before the Court for sentencing is 48-year-old defendant, Wayne Joseph Jones, who pled guilty to Count 1 PC484/PC666, Petty Theft with a Prior, PC1203(e)(4), Felony Priors No Probation, PC667.5(b)/668 X 2, Prison Priors, and PC667(b)-(i)/1170.12 X 3, Strike Priors. While at Harrah's Casino in Valley Center the defendant contacted the victim and told her he would get change for her $100. The defendant took the money and did not return. The defendant was contacted by authorities while leaving the casinos parking lot in his truck.

The defendant appeared to blame his "poor choice of people to help" for his current situation and did not accept any responsibility for his actions. The only remorse he showed for the victim in this matter was that she was elderly. As indicated in his past criminal convictions the defendant clearly shows a lack of respect for societal rules, people's property, and a lack of empathy for the effect his actions have upon others.

This Officer is aware that pursuant to Judicial Rule 410, the objectives in the sentencing process includes, protecting society, punishing the defendant, and deterring others from criminal conduct by demonstrating its consequences. Taking this into consideration along with the defendant's prior record, lack of probation amenability and his refusal to address the victim's concerns, a prison commitment is in order and will be so recommended.

After taking all factors related to this case into consideration, the undersigned respectfully submits the following recommendations for the Courts approval.

## CUSTODY DATA:

| Date Confined | Date Released | Place | Custody Days |
|---|---|---|---|
| 5/22/2005 | 02/22/2006 | CJ | 277 |
| | | PC 4019 credits | 138 |
| | | TOTAL CTS | 415 |

## RECOMMENDATION:

~~4 YRS.~~

...at probation be denied and the defendant be committed to the Department of Corrections for the ...n of 27 years to life, with credit for time served of 277 actual days and 138 days PC4019, a total ...15 days credit. That the defendant pay a restitution fine pursuant to PC1202.4(b) in the amount of ...400.00 to be paid forthwith or as provided by PC2085.5 and pay an additional restitution fine ...uant to PC1202.45 in the amount of $5,400.00 to be stayed and remain so unless defendant's ...le is revoked.

$200 ~~Restitu~~ ...

...it to DNA testing pursuant to PC296.

JONES, WAYNE JOSEPH
SCN195245

07/12/2006

## Term Recommendation Breakdown by Count is as Follows:

| Crime | Suggested Base Term | Recommended Term | Recommended Stay |
|---|---|---|---|
| Ct 1 PC484/PC666 Petty Theft W/Prior PC667(b)*(i)/ 1170.12 X3 | 25 Years to Life | 25 Years to Life | 0 |
| PC667.5(b)/668 Cases: A095021,A788789,A774709,A766586 | 1 Year (Mand Consec) | 1 Year | 0 |
| PC667.5(b)/668 Case: SA008335 | 1 Year (Mand Concec) | 1 Year | 0 |
| | Total Term | 27 Years to Life | |

Respectfully submitted,

Vincent J. Iaria
CHIEF PROBATION OFFICER

By:

CHRISTY GALLOWAY
Deputy Probation Officer
760-806-2460

Approved: _____

CONNIE KENT
SUPERVISOR

I have read and considered the foregoing report.

_____
JUDGE OF THE SUPERIOR COURT

A2185 (Rev. 07/23/2004)                    11



# County of San Diego

**David E. Cranford**
CHIEF PROBATION OFFICER (Acting)
(858) 514-3148
FAX: (858) 514-3121

DEPARTMENT OF PROBATION

POST OFFICE BOX 23597, SAN DIEGO, CALIFORNIA, 92193-3597

August, 6, 2007

Mr. Joseph W. Jones
D-41658 C4-122
High Desert State Prison
P.O. Bo 3030
Susanville, CA 96127

Dear Mr. Jones:

I am in receipt of your complaint #07-10 signed by you on July, 10, 2007, in which you allege that a Deputy Probation Officer employed by this department misrepresented information about the collection of a DNA sample form you in a report submitted to the Court. Specifically, you stated that your DNA was not taken at the time stated in the report, and that you never had a DNA sample taken by a Probation Officer.

An investigation into this matter has been conducted and revealed that in fact the report for case number SCN195345 does, as you claim, state that a DNA sample had been collected by the Probation Department. Further inquiry shows that, while in actuality the San Diego Sheriff's Office collected your DNA sample and forwarded it to the California Department of Justice, the Probation Department electronic records state that collection of your DNA had been completed, but did not indicate what agency made the collection. At the time the report was written the Deputy Probation Officer preparing the report referenced the electronic record and noted that collection had been completed and, in good faith, assumed that it was the Probation Department that had completed the collection and reported such to the Court. The report does not indicate a date on which your DNA sample was collected. Our investigation found that there was no intention on the Officer's part to mislead or misrepresent information about the collection of your DNA sample to the Court.

I am pleased to inform you that we have now corrected the electronic record to reflect that your DNA sample was collected by the San Diego Sheriff's Office.

Sincerely,

David E Cranford

David E. Cranford
CHIEF PROBATION OFFICER (Acting)

Appendix     D 

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name:<br>*Nombre del Encarcelado:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Tanque:* |
|---|---|---|---|
| WAYNE. J JONES SR. | # S708897 | V.D.F. | N.W. 4. 37 |

Maam Miss Setzler,

Please Let me explain to the best of my knowledge on what Happen on 05-22-05.

My Wife Robin P. Jones, taken me to Harrahs Casino At 777 Harrah's Rincon Way, Valley Center, CA. 92082. to have a Nice time before going in to A Rehabilitation program At Warm springs center in Castaic, CA on May 27, 2005 by My job Executive Director MR. Ernest M. Roberts, of PVJOBS 310-448-8801 Sponsor Me to This program.

My Wife And gotten to The casino At about 1200 Hours We play slots for about A Hour to round are about 1300 Hour's. While We Was At the $5.00 dollar Slot's

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

1

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
## DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name:<br>*Nombre del Encarcelado:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Tanque:* |
|---|---|---|---|
| | | | |

I Went to the bathroom, And buy A Drink, on my Way back to my Wife I pass a slot Look Like This Lady Josephine Villegas Negrete had won. I stated to her that she had won she said No I Need change please This Lady I did Not Know At the time Was so Nice. I Went to Look For A slot Tec For Change but Not see one And came back to Miss. Negrete, And explain to her I could Not Fine one. Then I ask her did she Want me to go get Change For her, And she said yes And handed me the money $100.00 dollar bill after I Walk away For a Few step's I said I better ask her how did she Want her change. She it don't Matter.

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

~2~

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name:<br>*Nombre del Encarcelado:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Tanque:* |
|---|---|---|---|
| | | | |

So on my way to get her change I said to myself I better see how the wife is doing. When I made it to my wife And ask her how was she doing she said Look after her Slot because she had to get some money from the A T M And go to the Bath room. I explain to my wife I Needed change Also she stated she would get it for me, so I gave her The money. While Waiting for my wife I went to Look for her At the change Booth, I stayed there for A min to see if she Come, And thats When Ms. Estrella Martinell, came up to me trying to talk with me The Way she was Acting Like A police under cover Hooker but she gotten A Slot Tec to get the security

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226|

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

~3~

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES ⮌

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name: *Nombre del Encarcelado:* | Booking No.: *Número:* | Facility: *Cárcel:* | Housing Unit: *Tanque:* |
|---|---|---|---|
| | | | |

MR. Bill Cochrane.

MR. Cochrane, explain to me that All Miss. Negrete Wanted Was her change back. I explain to MR. Cochrane, I Needed to fine my wife, And he taken me back to my wife's slot but She Was Not There, And MR. Cochrane, taken me out side to investigate more.

While out side miss. Negrete, came outside And told Security That She Could Not ID my face but Look Like I had came back to get the Napkins, And Bottle of Water I Left And she Could I D me by these Item's.

Then my wife came out Side And seen me And came And Ask me What Was going on. I

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED.  Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

- 4 -

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name: *Nombre del Encarcelado:* | Booking No.: *Número:* | Facility: *Cárcel:* | Housing Unit: *Tanque:* |
|---|---|---|---|
| | | | |

WALK her to our truck And explain to her el had to give miss. Negrete, her Change. she Let's go up to do that And go Home. as pulling up to where every one was miss. Negrete, ms. martinell, mrs. milla, And All the security. the SHERiff's pull up because someone cAll them And told them that Someone had been Rob.

Deputy A. Radicia # 4093 VCP Ask me to get out my Truck. el gave Deputy my I.D. And explain to Him el was on parole. he cuff me up And put me in back of his Unit, And Left me there to go investigate. he came back to me And ask me what happen basely el told him el Would give miss. Neg

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

- 5 -

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name: *Nombre del Encarcelado:* | Booking No.: *Número:* | Facility: *Cárcel:* | Housing Unit: *Tanque:* |
|---|---|---|---|
| | | | |

rete her money that it Was just
a bad misunderstanding, Deputy
Radicia, stated that Was Not
going to happen.
          My Wife Was investigated by
Deputy Radicia. She ask this Deputy
What Was the problem he told about
the money, then my Wife ask him
could she give him the $100,00
dollar's he said No that miss, Ne-
grete Wanted me to go to jail,
And the She Ask this Deputy to
take some money to go on my
books And he did.

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED.  Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)


~ 6 ~

### SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name:<br>*Nombre del Encarcelado:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Tanque:* |
|---|---|---|---|
| | | | |

Deputy Radicia, Lied When he made the following statement's in S.D. Sheriffs Report.

That witnesses Negrete, milla, And Estrell martinell, stated el Took, TAken money from Negretes Hand. both Witnesses milla, & martinell, stated in open coarT That Negrete, given me her money.

Deputy Radicia, Lied When he said he did Not investigate My wife Robin P. Jones. see pg 4 of 6 of his Report.

Deputy Radicia, Refuse to Let mrs. Jones give money back.

Deputy Radicia, Lied When he said that My wife mrs Jones, & el Was trying to Leave the Casino When in Fact We Where pulling

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

– 7 –

## SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
### DETENTION FACILITY SERVICES

**IT IS IMPORTANT** for the person receiving this letter to read the opposite side. *ES IMPORTANTE para la persona que reciba ésta carta lea el reverso de ésta página.*

| Inmate's Name:<br>*Nombre del Encarcelado:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Tanque:* |
| --- | --- | --- | --- |
| | | | |

up to Where everyone Was When
He came up.
   Deputy Radicia, Lied When he
Was Ask Did he Look-in the Truck
but he mightyest Well had because
He Requested Depnty's cutrell,
#2000, Bishop #0040, McFadden
1498, And Kidwell #R8311 too.
   Deputy Radicia Never Read me
my Rights.
      The rest you have in
your Description of incident.
      Oh yes Deputy Radicia,
testiy At parole Hearing that
Witness did Not give me money.

FREE AIDS TEST, NO NAMES TAKEN, NO APPOINTMENT NEEDED. Telephone 236-2264.
1700 Pacific Highway, Monday through Friday 8:00 to 11:30 and 1:00 to 4:00.
PRUEBA DEL SIDA GRATIS, NO NECESITA HACER CITA, NO SE TOMARAN SUS NOMBRES.
1700 Pacific Highway. Lunes a Viernes. 8:00-11:30, y 1:00-4:00. Tel. 236-226

**OVER / VEA AL REVERSO**

J-56 Side One (Rev. 4/98)

— 8 —

Appendix     E-1#



*STATE OF CALIFORNIA*



# BOARD OF PRISON TERMS

In The Matter of the Parole
Revocation Hearing of

| NAME *Joseph Jones* |
|---|
| CDC NUMBER *D41658* | INST/REGION *3 Reg 1* |

} **SUBPOENA**

To: *Bill Cochrane*
*777 Harrahs Rincon Way*
*Valley Center Ca 92082*

YOU ARE ORDERED to appear before a Hearing Panel of the State of California, Board of Prison Terms, on

Date and Time *Friday June 24 2005 @ 9⁴⁵ Am.*

Place *So Co Regional Center 500 Third Ave C.V. 91910*
to testify in this matter.

The Board of Prison Terms has issued this Subpoena pursuant to the exercise of its powers under Section 5076.3 of the Penal Code and Section 11181 (e) of the Government Code, on *6/16/05* , 20 _____.

For disobedience of this subpoena you will be subject to citation before the Superior Court as provided in Sections 11186, 11187, and 11188 of the Government Code.

SIGNED BY _____
CHAIRWOMAN; BOARD OF PRISON TERMS

NOTICE:   The witness must present a copy of the subpoena at the hearing in support of any fee and mileage claim.

For disability related accommodations, please contact the BPT Americans With Disabilities Act
coordinator at (916) 324-7604

BPT 1105 (REV 3/05)          DISTRIBUTION OF COPIES

WHITE - C. FILE
GREEN - WITNESS
YELLOW- BPT
PINK - BPT
GOLDENROD-BPT

SEE DECLARATION OF FAIR NOTICE ON BACK

STATE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS
PAROLE REVOCATION HEARING NOTICE AND WITNESS DETERMINATION
CDC 1654 (Rev. 9/98)

DISTRIBUTION:
ORIGINAL - REVOCATION PACKAGE
1ST COPY - AGENT OF RECORD
2ND COPY - UNIT SUPERVISOR
3RD COPY - (MARKED "PAROLEE'S COPY") - PAROLEE
4TH COPY - (MARKED "ATTORNEY'S COPY")
ATTORNEY WITH APPROPRIATE DOCUMENTS

TO:
## THE BOARD OF PRISON TERMS (BPT)

| CDC NUMBER | NAME (LAST, FIRST, MI) | | |
|---|---|---|---|
| 041658 | Jones Joseph Booked as Jones Wayne | | |

| AGENT OF RECORD | PAROLE UNIT | TYPE OF HEARING: | VIOLATION REPORT DATED: |
|---|---|---|---|
| Jones | 3 Angle | ☒ REVOCATION  ☐ REVOCATION EXTENSION  ☐ PSYCHIATRIC TREATMENT | 6-1-05 |

☒ CUSTODY LOCATION    Vista    5-708891

☐ NOT IN CUSTODY: (ADDRESS)

HEARING SCHEDULED FOR: (DATE) 6/24    (TIME) 9:45    (HEARING LOCATION) S. Bay

| WITNESSES BEING CALLED | BADGE NUMBER | NOTIFIED | | WIT. DESIG.** | |
|---|---|---|---|---|---|
| | | *METH | DATE | STATUS | REQ |
| 1. Deputy A. Ludicia | 4093 | SP | 6/16 | A | S |
| 2. Bill Cochrane | | SP | 6/16 | A | S |
| 3. Josephine Negrete | | L | 6/16 | V | S |
| 4. Estrella Martinelli | | L | 6/16 | F | P |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |

NOTIFICATION METHOD
M - MEMO          PC - PERSONAL CONTACT
L - LETTER        SP - SUBPOENA
PH - PHONE        PN - PAROLEE NOTIFY

**USE ABBREVIATION FOR WITNESS DESIGNATION
STATUS:  A - ADVERSE          REQUESTED BY: S - STATE
         C - CONFIDENTIAL                    P - PAROLEE
         F - FRIENDLY
         V - VICTIM

| ATTORNEY OF RECORD | ADDRESS (STREET, CITY, ZIP) | TELEPHONE NUMBER |
|---|---|---|
| | | |

| PAROLEE / ATTORNEY COPIES PROVIDED (DATE): | MAILED BY: | DELIVERED BY: |
|---|---|---|
| | | |

| HEARING AGENT | ADDRESS (STREET, CITY, ZIP) | TELEPHONE NUMBER |
|---|---|---|
| | | |

## ADDRESSES OF WITNESSES BEING CALLED

1. 
2. 
3. 
4. 
5. 
6. 
7. 

COURT UPDATE

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION
**BPT-1103-REV**

(BPT Rules, Chapter 6, Article 3)

| Record/Office Use Only | |
|---|---|
| Projected Revocation Release Date | |
| ~~PRRD~~ | |
| Revocation Release Date | 02-16-06 |
| "A" RRD | |
| Controlling Discharge Date | 11-05-07 |
| Discharge Review Date | 02-16-07 |

## PRELIMINARY INFORMATION

**Type of Hearing** ( Circle one ):
REVOCATION / EXTENSION

**Location of Hearing:** South Bay

Parolee in custody at Time of Hearing:  ☐ Yes  ☐ No

### Basis for Charges

Parole Violation Report, Dated: 5/22/05
CDC Rules Violation Report, Dated:
Other _____ Dated

**Optional Waiver**

☐ Date Signed by Parolee:
Date of BPT Action:

Assessment:

### Legal Data

The crime for which the parolee was committed to prison occurred on or before 12-31-1978:  N/A
The crime for which the parolee was committed to prison occurred on or after 1-1-1979:  Yes
Date of arrest on current parole violation charge(s): 5/22/05
Date hold was placed on current parole violation charge(s): 5/22/05

**ADA Special Needs:**  None

### Present at Hearing

Hearing Officer: K. BAKER

1  ☒ Yes  ☐ No  Parolee (If Parolee absent, V/hy?)
2  ☒ Yes  ☐ No  Attorney Name: M. KERN          ☐ Waived
3  ☐ Yes  ☒ No  Agent of Record or Substitute: OD CASE     Reason not present: OUT OF AREA
4  ☐ Yes  ☐ No  Hearing Agent: E. GARCIA       Reason not present:
5  ☐ Yes  ☐ No  Observers   Name and Organization:
6  ☐ Yes  ☐ No  Interpreter Assigned  Language _____ Name _____

### Witnesses (continue on the last page if more than 8 witnesses)

| Present | | Name | Notified | | Wit. Desig.* | | Testified | Excused | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|---|---|
| Yes | No | | Meth.* | Date | Stat | Req | | | |
| ✔ | | Deputy RADICIA | SP | | A | | ✗ | | testifiet |
| ✔ | | Bill Cochrane | SP | | A | | ✗ | | testifiet |
| | ✔ | JOSEPHINE NEGRETE | L | | A | | | | FTA unknown |
| | ✔ | ESTRELLA MARTINELLI | L | | F | | | | FTA unknown |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*NOTIFICATION METHOD

M = Memo     PC = Personal Contact
L = Letter     SP = Subpoena
PH = Phone    TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION

Status:  A = Adverse     Requested by:  S = State
         F = Friendly                    P = Parolee
         V = Victim

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| JONES, JOSEPH | D-11658 | Sun Bay | 6/24/05 |

Distribution:  White-C-File, Green-BPT, Canary-Field File, Pink-Inmate/Parolee, Goldenrod-Attorney of Record

BOARD OF PRISON TERMS                                                                                    STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION   BPT-1103-REV-Pg 2

**Preliminary Information (cont.)**

HEARING:   ☑ Occurred          ☐ Cancelled          ☐ Postponed

REASON:    ☐ Attorney Unavailable          ☐ Parolee Returned to Prison          ☐ Psych. Evaluation

           ☐ Parolee Unavailable           ☐ Parolee Request                    ☐ Additional Witness/Testimony

           ☐ Witness Unavailable           ☐ Interpreter Needed                 ☐ Parolee Signed Optional Waiver

           Other _____          ☐ Parolee Signed Timeliness Waiver

Specify Witnesses/Documents needed for next hearing:                              ☐ Parolee Signed Unconditional Waiver

_____

_____

---

## SUMMARY OF FINDINGS

**ADMISSIONS/DENIALS AND FINDINGS**

| Charge Number | Code Number | Charge Specified | Admit | Deny | No Plea | Good Cause | Dismiss | Postponed |
|---|---|---|---|---|---|---|---|---|
| 1 | 670 | *Petty Theft w/ Prior* | | ✓ | | ✓ | | |
| 2 | 028 | *Travel Beyond 50 miles w/out PACSD Approval* | ✓ | | | ✓ | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| Jones, Joseph | D41658 | South Bay | 6/24/05 |

BPT-1103-REV-Pg 2 (Rev 12/04) Manual                    Page 2 of 5                    PERMANENT ADDENDUM

Distribution: White-C-File, Green-BPT, Canary-Field File, Pink-Inmate/Parolee, Goldenrod-Attorney of Record

BOARD OF PRISON TERMS                                                                      STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION   BPT-1103-REV-Pg 3

### REASON FOR DECISION

Basis for Conclusion

Charge #1: Petty theft w/prior - GCF- Deputy Radicin testified that S told him that he would give the money back if the Deputy could make this situation go away. S also told his parole agent that he took money from the victim and that he gambled the money on a slot machine.

Charge #2: Travel beyond 50 miles -GCF- parolee admits.

OBJECTION #1: Cantio objection regarding hearsay testimony between security guards, Deputy and the victim & witnesses.

OBJECTION DENIED - GCF was based on 'S' admission to AOR and Deputy Radicia that he took money from the victim and did not give it back.

Basis for Disposition

C/O Robbery 2nd + Att Robbery 2nd  4th term      P.D. 2-8-04
Priors - Poss CS sale, Theft, Poss CS.
Criminal History -
Prior Violations - Use of Cocaine x2.
S has a history of drugs, violence and property crimes. S has failed to adhere to his conditions of parole by traveling more than 50 miles from his residence and being involved in a petty theft. In the interest of public safety a RTC is ordered.

RTC 9 months ineligible

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| Jones, Joseph | D41658 | SouthBay | 6/24/05 |

BPT-1103-REV-Pg 3 (Rev 12/04) Manual          Page 3 of 5          PERMANENT ADDENDUM

Distribution: White-C-File, Green-BPT, Canary-Field File, Pink-Inmate/Parolee, Goldenrod-Attorney of Record

BOARD OF PRISON TERMS                                                              STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION    BPT-1103-REV-Pg 4

### SUMMARY OF DISPOSITION

Parole Referral: [                    ]

Custody Status: [                    ]

☐ Continue on Parole      ☐ Schedule for Revocation

☐ Dismiss                 ☐ Other Non-Rev Sanction:

☐ Return to Parole for Violation Report  [            ]

☒ Parole Revoked-Return to Custody:  9  Months

   Serve   ☐ Consecutively   ☐ Concurrently

☐ Time Served:            to

Hold Order:   ☐ Place   ☐ Remove   ☐ NIC

### 3057 Credits

☐ Eligible   ☒ Ineligible (3057d-1)

Reason for Ineligibility

☒ Commitment Offense:  P212.5(B) Robbery 2nd

☐ Revocation Offense:

☐ Parole Violation:

☐ Sentenced under PC 1168:

☐ Unsuitable for credits because of PC 3057(d)(2)(e)

   ☐ Prior Criminal History

   ☐ Circumstances & Gravity of Parole Violation

Specify Reason

[                    ]

---

**Parolee Decision**

☐ Accept   ☐ Reject   ☐ Optionally Waive

**Optional Waivers**

☐ Previous BPT Action of _____ is

      ☐ Rescinded   ☐ Reaffirmed

**Special Conditions of Parole**

☒ Noted   ☐ Reaffirmed   ☐ Amended

**Other**

| Special Condition | Reason |
|---|---|
|  |  |

Instructions to CDC or P&CSD Staff

[                    ]

Miscellaneous Actions

[                    ]

---

### BPT HEARING PANEL

NAME:  _K Brahim_

DECISION REVIEW BY:

**REVOCATION HEARING TIME (MINUTES)**

1. Prehearing Prep. Time:  10
2. Actual Hearing Time:  [   ]
3. Report Completion Time:  10
4. Other:  [   ]
                    Total:  [   ]

Hearing Accommodations (ADA) Provided:  ☐ Yes  ☒ No

Accom:  NONE

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| Jones, Joseph | D41658 | South Bay | 6/24/05 |

BPT-1103-REV-Pg 4 (Rev 12/04) Manual          Page 4 of 5              PERMANENT ADDENDUM

## Notice of Parole Revocation Rights and Acknowledgement
**BPT 1100**

*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

- You have a right to written notice of claimed violations of parole (CDC Form 1502b).
- You have a right to all evidence that will be used against you.
- You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
- You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
- Effective July 1, 2005, you have the right to a probable cause hearing with your attorney and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
- If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
- You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
- You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
- You have a right to a neutral and detached hearing officer.
- You have a right to have your revocation hearing within 50 miles of the alleged violation.
- You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
- You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

---

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.

- ☑ BPT Form 1073, Notification of Americans with Disabilities Act completed today.
- ☑ CDC Form 1502(b), Charge Report
- ☑ BPT Form 1100, Notice of Rights and Acknowledgement
- ☑ Blank Form BPT 1100(b), Request for Witnesses
- ☐ Other: _____

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| | | |
|---|---|---|
| *(signature)* | D41658 | 5-24-05 |
| Signature of Parolee | CDC Number | Date |
| *T. WODM* | | 5-24-05 |
| Signature of Staff Completing the Actual Notice | Print First Initial, Last Name | Date |

NAME *Torres, Tofaon*     CDC # *D41658*     INST/REGION

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

| | |
|---|---|
| **X** A. PAROLE VIOLATION REPORT OF <br> _6-1-05_ <br> (DATE)    REVIEWED | E. PSYCHIATRIC REPORT OF <br> _____ <br> (DATE)    REVIEWED |
| B. PAROLE VIOLATION REPORT (PAL) OF <br> _____ <br> (DATE)    REVIEWED | F. DISCHARGE REPORT OF <br> _____ <br> (DATE)    REVIEWED |
| C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF <br> _____ <br> (DATE)    REVIEWED | G. RETAIN ON PAROLE REPORT OF <br> _____ <br> (DATE)    REVIEWED |
| D. DISCIPLINARY REPORT OF <br> _____ <br> (DATE)    REVIEWED | H. OTHER REPORT OF _____ <br> _____ <br> (DATE)    REVIEWED |

### 2. PAROLE STATUS

| | |
|---|---|
| A. PAROLE SUSPENDED EFFECTIVE <br> _____ <br> (DATE) | C. REINSTATE ON PAROLE EFFECTIVE <br> _____ <br> (DATE) |
| B. CONTINUE ON PAROLE | D. OTHER <br> _____ |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | |
|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS <br> 1. ☐ EXTENSION    2. ☐ PSYCH. ATTN. <br> 3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| B. RETURN TO PRISON FOR FURTHER PROCEEDINGS    **X** | D. HOLD <br> ☐ PLACE    ☒ RETAIN    ☐ REMOVE |

### 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT <br>    REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS <br>    PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____ <br> (DATE) | H. PAROLE PERIOD EXTENDED TO ☐ 18 Mos. ☐ 4 Yrs. <br>    PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____ <br> (DATE) | I. ENTER NCIC WARRANT PER <br> BPT § 2714 (b) (1)   ( _____ ) <br> ( FILL IN APPROPRIATE SUBSECTION ) |
| D. DISCHARGE <br> 1. ☐ BPT § 2535    ☐ § 2713 (c) <br> 2. ☐ TO ALLOW _____ AUTHORITIES <br>    EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM <br>    ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE <br>    BPT RULE 2535 (d)   ( _____ ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|
| _Jones, Joseph_ | _D41658_ | _PECSD / III_ | _INGLE #1_ | _J_ |

BPT 1130 (Rev. 5/1/84)    ☐ SEE COMMENTS ON REVERSE SIDE    PERMANENT ADDENDA

STATE OF CALIFORNIA

# CENTRAL OFFICE CALENDAR DECISION

## 1. REPORTS REVIEWED

| | |
|---|---|
| A. PAROLE VIOLATION REPORT OF _____ (DATE) _____ REVIEWED | E. PSYCHIATRIC REPORT OF _____ (DATE) _____ REVIEWED |
| B. PAROLE VIOLATION REPORT (PAL) OF _____ (DATE) _____ REVIEWED | F. DISCHARGE REPORT OF _____ (DATE) _____ REVIEWED |
| C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ (DATE) _____ REVIEWED | X  G. RETAIN ON PAROLE REPORT OF 3-7-05 (DATE) _____ REVIEWED |
| D. DISCIPUNARY REPORT OF _____ (DATE) _____ REVIEWED | H. OTHER REPORT OF _____ (DATE) _____ REVIEWED |

## 2. PAROLE STATUS

| | |
|---|---|
| A. PAROLE SUSPENDED EFFECTIVE _____ (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ (DATE) |
| B. CONTINUE ON PAROLE | D. OTHER _____ |

## 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | |
|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS  1. ☐ EXTENSION  2. ☐ PSYCH. ATTN.  3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD  ☐ PLACE  ☐ RETAIN  ☐ REMOVE |

## 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT  REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS  PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO  ☐ 18 Mos.  ☐ 4 Yrs.  PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____ (DATE) | I. ENTER NCIC WARRANT PER  BPT § 2714 (b) (1) ( FILL IN APPROPRIATE SUBSECTION ) |
| D. DISCHARGE  1. ☐ BPT § 2535  ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES  EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM  ISSUE IN CALIFORNIA WARRANT |
| X  E. RETAIN ON PAROLE  BPT RULE 2535 (d) ( 1,3,5 ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

AME _____

AME _____ 3/8/05

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|
| JONES, JOSEPH | W68342  041668 | PECSD/III | Inglewood #1 | 4 |

PT 1130 (Rev. 5/1/84)   ☐ SEE COMMENTS ON REVERSE SIDE

PERMANENT ADDENDA

# PLACE IN C FILE

**YOUR APPEAL IS BEING SENT BACK TO YOU FOR THESE REASONS:**

TO:     JONES, JOSEPH                                    Log No.:
        D41658
        LAC

[ X ]  1.  The Board does not have the power to change this.

ACCORDING TO YOUR RECORDS, YOU ARE SERVING A STATE PRISON TERM FOR A COMMITMENT OFFENSE. THEREFORE YOU ARE NOT CURRENTLY UNDER THE JURISDICTION OF THE BOARD OF PRISON TERMS. ADDITIONALLY, THE BOARD DOES NOT HAVE JURISDICTION OVER DATE CALCULATIONS. THE APPEALS RECEIVED IN THIS OFFICE ON BOTH 5/8/02 AND 5/17/02 ARE DISMISSED.

[ ]  2.  You already sent an appeal about this.              Received:
         [ ] We are still looking at your first appeal        Log No.:
         [ ] We made a decision about your first appeal.      Completed:

[ ]  3.  Your appeal was not written correctly.

[ ]  4.  You sent your appeal too late and did not explain why.    Date sent:

[ ]  5.  Other:

Appeals Staff _Gusta U. Puslu (assistant)_          Date  5/22/02  KB

**Instructions to Staff:**

## CDC staff to assist in reviewing appeal decision          [ ] yes    ☒ no

DISTRIBUTION:  White – Inmate/Parolee
               Canary – C-File
               Pink - BPT

BPT 1043 (REV. 01/02)

MR. Joseph W. Jones SR.
#D-41658    B1-136
P.O. Box 3030
SnSanVille, C.A. 96127


RE: AGEnt of Record MR. A. Jones

ISSnE: AGEnt's Report 05-22-05


   Please I Would Like a copy of
Report that I had Enroll in a
program on 05-20-05 WarnSprings
AnD I NEED there Address.
      Please may I have a np to
date ASSESSment that the conrT is
wanting on AnD A correction of
my job statns MR. A Jones, Report is
Not correct, Any I Was Not Let
go from my job.
   I/m Jones J.W. explain to AGEnt Jones
That he did Not Know Right from Wrong.
And NEED to see a Psych on 05-20-
05.


      Thank you & GOD Bless

Date: 11-20-07

               Joseph W. Jones-Bny
               J.W. Jones SR

Appendix    E-2 #

BOARD OF PRISON TERMS STATE OF CALIFORNIA
## NOTICE AND REQUEST FOR ASSISTANCE AT PAROLE PROCEEDING
BPT 1073

**I. PRE-INTERVIEW FILE REVIEW (STAFF ONLY)**

I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file information prior to first contact with the inmate/parolee involved in this parole proceeding. For revocation proceedings, this file review must include, at the minimum, a review of the CDC Form 611 (revised 05/01) or a Parolee Disability Review Sheet (PDRS) and attached documents if any.

Print Name W. *Brooks*    Sign Name _____    Date 5/24/05

### Identified Disabilities

☑ Mental Health Concerns (Circle One) (CCCMS) EOP MHCB DMH 128C dated: _Not updated_

☐ Developmental Disability (Circle One) DD1 D1A DD2 DD3 128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845) Dated _____

    **Mobility** (DPW / DPO / DPM / DNM) **Vision:** (DPV/DNV) **Hearing:** (DPH / DNH) **Speech:** (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on_____ dated: _____

☐ Learning Disability documented on_____ dated: _____

☐ **NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.** _Info. submitted by Fina Brooks:_

**Other Potential Assistance Needs:** _I.S. states he is not CCCMS._

☑ Reading Level _N/A_ Total GPL _N/A_ (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks): _I.S. states he has G.E.D._

**II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION**

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney. If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPT or CDC must provide you with help to read the forms and papers. If you need special transportation, the BPT or CDC must provide it for you.

**Check all that apply:**

☐ I need help reading my documents.    ☐ I need the following help to hear _____
☐ I need help understanding the procedures and forms.    ☐ I need the following help to see _____
☐ I need a sign language interpreter.    ☐ I need to communicate in writing.
☐ I need a wheelchair and I ☐ do have one. ☐ do not have one.
☐ I do not speak English and need an interpreter in _____ (language)
☐ Other _____
☑ I do not need any help for my parole hearing.

X _____    D41658    X 5-24-05
Inmate/Parolee Signature    CDC #    Date Signed

**III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)**

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☑ Appears to understand    ☐ Appears to have difficulty understanding

☑ Effective Communication Method Used: (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

_____

**Additional Comments:**

_T. Woods-TLA_    _____    _5-24-05_
Staff Name and Title (please print)    Staff Signature    Date

**IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases)**

**Accommodation(s)/Assistance to be provided at hearing(s):**

_____

_____

Staff Name and Title (please print)    Staff Signature    Date

_Jones, D41658_    D41658    TYPE OF HEARING    DATE OF HEARING    LOCATION

# HIGH DESERT STATE PRISON

## PSYCHIATRIC PROGRESS NOTE

Date: 4-13-2007
Time: 1400 hours

**INMATE:** JONES, Joseph      CDCR # D41658      Housing: C4-122L

The Unit Health Record (UHR) was unfortunately unavailable for review.

**IDENTIFYING DATA:** Mr. Jones stated he is a black male down since 2005, from Donovan Reception Center the last eight months, with an EPRD of 8/13/2009 who has approximately 124 points.

**SUBJECTIVE:** Mr. Jones was ducated to see me apparently due to a staff referral for "refusing meds." Mr. Jones did express an interest in continuing some psychotropics, but stated he was dissatisfied with the amitriptyline, as well as the diphenhydramine that he had recently been prescribed.

Upon routine updating of the procedure, alternatives and risks question session for the neuroleptic risperidone, Mr. Jones did express some surprise regarding the untoward effects of a neuroleptic such as TD, NMS, diabetes, cardiovascular disease, etc. He verbalized that he had not previously been apprised of these possible untoward effects.

Upon thorough psychiatric review of symptoms, he did somewhat describe what some people may interpret as a manic mood episode, that is, spell of irritability, although he did not clearly describe anything abnormally and persistently elevated, expansive or irritable for seven days, or for that matter, not even clearly for four days. Nonetheless, he did express some sense of occasional spells of grandiosity, irritability, subjective racing thoughts, perhaps distractibility, although he did not clearly meet strict DSM-TR-IV criteria.

**CURRENTLY PRESCRIBED PSYCHOTROPICS:**    Risperdal, Benadryl, Elavil, Depakote, Wellbutrin per Donovan Reception Center.

**MENTAL STATUS EXAM:** Mr. Jones' general appearance and behavior were such that he demonstrated average hygiene, as well as average grooming. Characteristics of clothing were unremarkable. There were no unusual physical characteristics. There was no visual evidence of Depakote-induced tremor or ataxia as he ambulated up to see me and had a seat. There was no visual evidence of acute dystonia, drug-induced parkinsonism or akathisia with the risperidone. There was no visual evidence of tardive dyskinesia (AIMS score = 0). Attitude seemed somewhat unguarded. Psychomotor activity was unremarkable. He achieved some socially average eye contact. External range of expression was of good quality and wide range, and this seemed congruent with the stated euthymic mood. Mr. Jones' thoughts, speech and behaviors were quite well organized. His thought processes were such that he used of language of good quality and quantity. Words were intonated well. Prosody was good. He did not exemplify any of the so-called common thought disorders. In terms of the Eugen Bleulerian symptoms, there was no thought disorder (associative loosening), affective blunting, autism (i.e., peculiar or distorted cognitions), attentional deficits, or ambivalence (conceptual indecisiveness). In terms of thought content, he denied hallucinations. He denied all of the (11) first-rank Kurt Schneiderian symptoms (Gedankenlautwerden, delusional perceptions, thought withdrawal, thought insertion, thought broadcasting, "made" volitional acts, "made" impulses, "made" affect, delusions of passivity, conversing

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY
## PSYCHIATRIC EVALUATION

NAME:       JONES, JOSEPH
CDC#:       D-41658
DATE OF EVALUATION: February 14, 1996

This inmate complains bitterly of feeling depressed.  He states
that he is sad because his mother died recently.  He also
complains of experiencing flashbacks of his brothers being
killed.  He also has "other problems related to my crime."  He
has a history of trying to cut his wrist at Tehachapi several
years ago.  He states that he has lost a great deal of weight
recently, and his appetite is poor.  He complains that his sleep
is very bad.

**MENTAL STATUS EXAMINATION:**

Sleep and appetite are decreased.  Energy and interest levels are
decreased.  Behavior is cooperative.  Speech is clear.  He is
oriented as to person, place, situation, date, and name.  Memory
and concentration are poor.  Thought flow is coherent.  Intellect
is average.  Insight and judgment are fair.  Mood and affect are
anxiously depressed.  He denies any perceptual disturbances.  No
paranoid delusions are elicited.  He denies any suicidal or
homicidal ideation or intent at this time.  No formal thought
disorder is noted.

**PSYCHIATRIC DIAGNOSIS:**

AXIS I:     296.32    MAJOR DEPRESSION.
AXIS II:              NONE.
AXIS III:             SEIZURE DISORDER.
AXIS IV:              MODERATE (BRIEF REACTION).
AXIS V:               GLOBAL ASSESSMENT OF FUNCTIONING = 60.

**PLAN:**

1.   Elavil 50 mg h.s.

2.   Return to clinic X 2 weeks.

RICHARD GRANT, M.D.                          DATE
Staff Psychiatrist

eh
D:    2-14-96
T:    2-16-96

## HIGH DESERT STATE PRISON

### PSYCHIATRIC PROGRESS NOTE

Date: 4-13-2007
Time: 1400 hours

**INMATE:** JONES, Joseph          CDCR # D41658          Housing: C4-122L

voices, or running commentary). He did not express delusional content. He denied illusions, derealization, depersonalization, as well as recent ideation of harming or killing self or others, or damaging others' property. In terms of his cognitive evaluation, he was alert and oriented to person, place, date and situation. Attention and concentration were grossly intact, as tested by his ability to repeat five digits forwards as well as three digits backwards. Short-term memory was grossly intact, as tested by his ability to register then recall the three words "purple," "eagle" and "flagpole" after about five minutes. Fund of knowledge seemed average, in terms of his ability to name several past presidents, as well as several large cities within the State of California. He correctly performed calculations, such as simple math problems, as well as substraction of serial 7's. He offered adequate interpretations of similarities and proverbs. Insight and judgment have historically been remarkably impaired.

**DSM-IV-TR MULTI-AXIAL ASSESSMENT DIAGNOSES:**

| | | |
|---|---|---|
| Axis I: | 296.8 | Provisional – Bipolar Disorder NOS. |
| Axis II: | 301.7 | Antisocial Personality Traits. |
| Axis III: | | See Unit Health Record. |
| Axis IV: | | Severe Psychosocial Stressors. |
| Axis V: | GAF | Presently 65. |

**RECOMMENDATIONS:**

1. Stop risperidone, since the inmate is not clearly psychotic and he can likely be maintained on a single Mood stabilizer, such as the Depakote he is already prescribed.
2. Change Benadryl to Vistaril, since the former is non-formulary and the latter is formulary.
3. Change Elavil to Remeron, since the former is non-formulary and the latter is not formulary.
4. Stop Wellbutrin, since this is non-formulary. He was offered a replacement of Effexor or another antidepressant, however, he opted to try maintaining his program without Effexor or another antidepressant replacement for the Wellbutrin.
5. Fasting labs, to include Depakote level, CPM, CBC, TSH.
6. Scheduled psychiatric re-evaluation within 15-30 days, since multiple psychotropic changes were made.
7. The inmate seems to be a good candidate for group therapy.

_M. N. Mason_, MD
_____
M. N. MASON, MD
CONTRACT PSYCHIATRIST

NM:pa

*Manuel Zevallos, M.D.*
DIPLOMATE AMERICAN BOARD OF INTERNAL MEDICINE
HEMATOLOGY - ONCOLOGY

3590 EAST IMPERIAL HIGHWAY
LYNWOOD, CALIFORNIA  90262
TELEPHONE (310) 608-8963

February 20, 1995

To Whom It May Concern,

Re: Patient: Elnora Jones
     D.O.B. : 09-24-14

Dear Sir/Madam,

This letter is in reference to the condition of the above named patient
Ms. Jones has been under my care for the treatment of cancer of the
breast with metastasis to the bones.  Her current condition is
guarded,  yet there has been relief from the back pain which was
secondary to the metastasis.

If there is a need for further information regarding the condition
of Ms. Jones,  please do not hesitate to contact me.

Sincerely,

Manuel Zevallos, M.D.

MZ:rlm

JONES  D-41658
Recieved 3/10/95
D3-104 L
clerk R.

P.S. MS, Jones, has ALZheimer's
Disease, AND in very bad pain
With cancer. please Notify DR,
if it is Any problem With
MRS. R P Jones,  bring her medication
on A Family visit with her FAMily. --

**BLAKE SKRDLA, M.D.**
PSYCHIATRY
SUITE 303
12401 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 207-1331

DIPLOMATE, AMERICAN BOARD
of
PSYCHIATRY AND NEUROLOGY

February 24, 1992

REC'D AUG 0 2 1999
REC'D FEB 0?
REC'D MAR 0 8 2000
REC'D APR 1 2 2000

D - 41658

                    JOSEPH WAYNE JONES
                TN: JOSEPH WAYNE BEY
        Examination: February 20, 1992
            Hearing:   March  4, 1992

Honorable Jacqueline L. Weisberg
Judge of the Superior Court
Department West "H"
1725 Main Street
Santa Monica, California

Dear Judge Weisberg:

    This 34-year old married black male, convicted of robbery, with
multiple prior convictions, was examined while in custody pursuant
to appointment under Sec. 730 E.C. for opinions regarding his current
mental status and stability.  The probation report of December 9,
1991, was read before formulation of the following report, and a
telephone consultation was conducted with defense counsel, DPD Joel
S. Peck.

Background history given by the defendant was considered grossly un-
reliable.  He stated that he was born in rural Arkansas (the probation
report indicated local birth), the younger of his parents' two sons.
He could not be specific about his birthdate, but thought it might
have been during August, 1953 (the probation report states August 18,
1957).  "My mother always celebrated my birthday with my father's in
August, so I don't know when my birthday was."  He thought his father
died "last year," but did not know his age or the cause of death.  He
stated that his mother was living "on Vermont in L.A." and indicated
that he had been living with her just before his current detention.

    He thought he was reared in Central Los Angeles, but did not
know when he came to California.  When asked about his brother he
burst into tears and did not wish to talk about him, alleging that
his brother had repeatedly forced him to commit oral copulation dur-
ing the defendant's early years.  He then exclaimed, "My brother was
adopted."  He stated that he had never been a gang member, and that
his parents had never sought psychiatric care for him.

Physical health has allegedly been good, except for grand mal sei-
zures which began at an unknown date, and which he attributed to ex-
tensive abuse of alcohol and illicit drugs.  He thought he had ex-
perienced 3 seizures after being released on parole, and had another
seizure about 2 weeks following his detention in the current matter.

S: 00-04?
S/99-577

REC'D AUG 0 2 1999

REC'D FEB 0 8 2000

REC'D MAR 0 8 2000

REC'D APR 1 2 2000

Joseph W. Jones  page 2

At that time anticonvulsant medication was resumed.  He also thought he had been treated in the jail hospital for a short time after a suicidal gesture, but would not provide relevant details.

Use of underline(alcohol) was initiated "after age 10 or 11."  Although he was evasive about the frequency and quantity of intake, he did not believe that he had ever required treatment for alcoholic delirium. Prior to state prison commitment in 1986, he admitted extensive use of PCP "for 4 or 5 years."  When released from prison on parole (he could not recall the date), he stated that he resumed use of "alcohol, PCP, heroin and cocaine."

Allegedly recently underline(married) and the father of a child, he would not give any details in this area.

underline(Arrest record) is as noted in his probation report, and includes several offenses for burglary and robbery, as well as one for sale of a controlled substance.  He appears to have served at least two prison sentences, and was on parole at the time of his current offenses.

When asked about his underline(education), he believed that he had completed either the 6ᵗʰ or 7ᵗʰ grade, and did not know whether he had ever been assigned to classes for the educationally handicapped.  His only known underline(employment) has been as a laborer, but this examiner was unable to obtain relevant details.

Attempts to discuss his underline(pending offenses) with him were largely unsuccessful because of his evasion, irrelevant responses, and regressive behavior.  He did not mention several incidents in which he is alleged to have engaged in bumping the rear of victims' automobiles, then either robbed them of personal property or driven off with their vehicles.  He offered the following story: "I went in a store on Slauson, pulled down my pants, and exposed myself to a woman.  No, I don't know why.  When I came out of the store, I sat in a car in the parking lot. They gave me 90 days."  He correctly named his defense counsel, but could not recall the name of the Judge before whom he was scheduled to appear for sentencing.

Current underline(mental status) revealed a detached, regressed, marginally cooperative, slow moving man who was a poor historian and not correctly oriented to time.  Throughout much of the examination he rocked in his chair.  He was being housed in a 2-man cell on module 2400 of Central Jail, and thought he had been in custody "for 3 or 4 months." The probation report gave his arrest date as October 22, 1991.  The defendant indicated that he was being given "a white pill and a small orange pill," one of which was probably an anticonvulsant.  He spoke

APR 2 3 1999

REC'D AUG 0 2 1999

REC'D FEB 0 8 2000

REC'D MAR 0 8 2000

REC'D APR 2 2 2000

Joseph W. Jones  page 3

in a barely audible voice and volunteered very little information. He responded to many questions by appearing to reflect for several seconds, then answered by offering irrelevant remarks on another topic. Conversation for the most part was laconic and concrete, while factual content was changeable.

Memory functions showed gross defects, and intelligence was estimated clearly below average. He did poorly in simple subtraction and multiplication, and could not spell a common 4th grade word. He could not name the Governor of California or the Mayor of Los Angeles, but thought the current U. S. President was Jesse Jackson. "I saw it on TV some time ago." He would not attempt to interpret a common proverb. Affect varied from superficial smiling to sullen contemplation, and did not always seem appropriate. No hallucinations were apparent. Several times he attempted to give the examiner part of his sandwich which he had kneaded into a ball. At the end of the interview he threw it on the examiner's notes. He asserted that he had no desire for treatment in a psychiatric hospital.

The physical examination on inspection revealed a carelessly groomed man with a recent narcotic track on the dorsum of his left hand which he indicated had been the site of heroin injections before his current detention.

Diagnostic Impression:
    (1)  Organic brain disease, possibly secondary to chronic abuse of alcohol and illicit drugs.
    (2)  Seizure disorder, grand mal type, by history.
    (3)  Psychoactive substance abuse, multiple.
    (4)  Antisocial personality.

Opinion:

This is an emotionally unstable, regressed, brain damaged individual of below average intellectual functioning who demonstrates a pattern of perseveration in his thinking and behavior. According to his account he has a seizure disorder, yet continued to use illicit drugs while on parole. He does not learn from experience, and could be expected to continue antisocial behavior should he be allowed to return to the community. If sent to prison he will require monitoring for seizure control, and possible recurrence of aggressive or self-destructive acts.

Respectfully submitted,

*Blake Skrdla*

Blake Skrdla, M.D.

c: Joel S. Peck, DPD

8099-577

**State of California, Department of Corrections** Institution: **RJDCF** Prior Page Number: _____

**CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES: All Staff Clinicians**

Session Date: 11/2/6   Most Recent Arrival Date: 7/24   Reason: New charge
Session Time: 1100   Expected Parole Date: 8/19/9   Counselor: _____
Charge(s) and Dates: _____   Custody Level: _____

**Identifying Information:**
Petty Theft – 49 y/o M ♂ seen today to evaluate his mental health so he could participate in counseling groups.

**Psych Hx:**
Dx: Ø Dx
Rx: Ø

**Current Symptoms / Complaints:**
Inmate Jones wanted to have counseling to improve his life and avoid drinking and other life programs. However, he does not have an Axis-1 mental disorder, and therefore not eligible for our mental health programs. He will however be eligible for substance abuse rehab programs in prison.

**Mental Status:**
Appearance: (Neatly Groomed; eye contact good; movements normal; attitude cooperative; motivation normal)
Or: Inmate is motivated for treatment

Cognitive Status: (A+Ox4; Denies AVH/Del/Par; Attention Focused; Thoughts Logical and Linear; Speech succinct;
Or: No thought process problems
Memory Intact; Comprehension WNL; IQ Average Range)
Or: _____

Risk/Emotions: (Euthymic; Denies SI) or Admits Ideation / Intent / Plan; (Denies HI) or Admits Ideation
Or: _____

**Dx: Axis**
1: No Psych diagnosis
2: Anti-Social personality D/O   3: Back pain Hep-C
4: incarceration   5: 70 – Normal ψ function

**Plan:** ____ F/U < 80 days plus case management group only   F/U in ___ days / weeks   ____ F/U Weekly CBT Group
____ Maintain in CCCMS   ____ Transfer to EOP (GP) PC   Refer for Psychiatric Consult
Other: Maintain in General Population

Staff Psychologist: James L Spira, PhD

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE ASU | Last Name | First Name | MI |
|---|---|---|---|---|
| MH 3 (11-24-91) | EOP | | | |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

Reason for Consultation

NEUROLOGIC CONSULTATION

Signature of Referring Doctor

Date

Consultant's Report

Consultation on JONES, JOSEPH, CDC#: D-41658, CSP-LAC

HISTORY of PRESENT ILLNESS:

Forty-two year old ambidextrous Black male with a history of drug (i.e. marijuana, occasional cocaine) and alcohol abuse, presents for additional evaluation of ongoing sporadic paroxysms attributed to seizures. Diagnosed in 1981/1982, the latter would appear usually following a four or five day alcohol/drug binge. He was placed on combination Dilantin and Phenobarbital which controlled these episodes. On two occasions, the patient was off anticonvulsant medications for several months during which time no similar activity occurred. Nevertheless, anticonvulsant medication had to be resumed after the aforementioned paroxysms returned.

According to the patient, seizures were heralded by the onset of becoming moody and short tempered. On occasion, he would experience "shaking of the left leg". Moodiness would continue for about 10 or 15 minutes before he would lose consciousness and supposedly display total body shaking. The latter was accompanied by rare tongue biting but no incontinence. According to the patient, eating something sweet while feeling moody would abort a potential seizure. Of note is that there is a history of low blood sugar.

| | |
|---|---|
| Signature of Consultant: MITCHELL KAUFMAN, M.D., Neurologist | Date: 12-23-98 |
| Name of Patient: JONES, JOSEPH CDC#: | Number: D-41658 |
| Hospital: Neurologic Consult, CSP-LAC | - - (4483/0111)es |

CONSULTANT'S RECORD

CDC 7243 (Rev. 9/77)

According to the patient, only two typical seizures have appeared since last February. The most recent of these was two months ago, attributed to noncompliance with anticonvulsant medication. Additionally reported are occasional lapses characterized by absent-mindedness or appearing "blank" which may occur two or three times annually. Seizure prophylaxis consists of Dilantin 300mg taken at bedtime. Upon reviewing the medical chart, no recent serum Dilantin levels are found. Regarding risk factors, the patient sustained an episode of head trauma at age 12 years while riding a minibike. Family history is negative for seizures or epilepsy.

PAST MEDICAL HISTORY:

As above.

PHYSICAL EXAMINATION:

General: The patient presents for evaluation appearing in no acute distress.

Neck: Supple - carotid impulses symmetric without bruits.

Heart: Regular rate and rhythm without murmur.

Extremities: Notable for exaggerated pronation of the right forearm, attributed to old elbow injury.

NEUROLOGICAL EXAMINATION:

Mental Status: (Note: Possesses 12th Grade equivalent education without High School Diploma) Alert and oriented to time, place, and person. W-O-R-L-D spelled forward and backward. Memory testing reveals 4/4 words recalled at zero minutes (Note: Required 3 trials) and 2/4 words recalled

MITCHELL KAUFMAN, M.D., Neurologist                    12-23-98

JONES, JOSEPH                          CDC#:          D-41658
Neurologic Consult, CSP-LAC                          (4483/0111)es

at 10 minutes (4/4 words with cues).  Otherwise with spontaneous fluent
speech, naming, repetition, comprehension, right-left orientation, proverb
interpretation, calculations, constructions, reading, writing, and praxis.
No written perseveration observed.

Cranial Nerves II through XII:  Intact.

Motor:  Normal muscle bulk, tone, and power throughout.  Pronator drift
not observed.

Sensory:  Notable for very mildly impaired lower extremity vibratory
sensation distally.  Lower extremities with otherwise preserved light
touch, pin prick, and joint position.  Upper extremities with intact
sensory modalities.  No extinction observed during double simultaneous
stimulation.

Reflexes:  Upper extremity reflexes are trace to 1+, bilaterally.  Lower
extremity reflexes at the knee and ankle are trace and 1+ bilaterally,
respectively.  Plantar response flexor bilaterally.  Jaw jerk is 1+.  No
Hoffman reflex or frontal release signs elicited.

Coordination:  Intact finger-to-nose and heel-knee-shin maneuvers
bilaterally.  Good rapid alternating movements for both upper extremities.

Station and Gait:  Normal arm swing during routine ambulation.  Romberg not
present.  Tandem steps performed without difficulty.

IMPRESSION:

1.  Probable complex partial seizure disorder with occasional secondary
generalized (i.e., tonic-clonic) episodes.


MITCHELL KAUFMAN, M.D., Neurologist                        12-23-98

JONES, JOSEPH                          CDC#:          D-41658
Neurologic Consult, CSP-LAC                         (4483/0111)es

2.  Rule out hypoglycemic episodes exacerbating diagnosis #1.

3.  History of drug/alcohol abuse.


<u>DISCUSSION:</u>

Based on the history cited above, it is my opinion that this individual is afflicted with a seizure disorder.  Aside from bingeing on both street drugs and alcohol, head injury not recalled by the patient may be an additional risk factor.  Further complicating the clinical presentation is that of possible hypoglycemic episodes which may promote seizure-like activity.  Recall that the patient experienced mood changes prior to a typical seizure.  Furthermore, eating something sweet would prevent a possible attack.

The patient should continue taking Dilantin as previously prescribed.  A trough serum Dilantin level should be performed and, if subtherapeutic, appropriate adjustments made to attain a serum level within normal range. Given the prior history of low blood sugar, a 4 or 5 hour oral glucose tolerance test should be performed to document the severity of hypoglycemic episodes.

Finally, the patient acknowledges never having previous brain imaging or EEG to further evaluate seizure-like episodes.  He should therefore be scheduled for an <u>EEG</u> and brain MRI, the latter to include high-resolution coronal views of the hippocampi.


MITCHELL KAUFMAN, M.D., Neurologist                     12-23-98

JONES, JOSEPH                            CDC#:              D-41658
Neurologic Consult, CSP-LAC                 - -       (4483/0111)es

PLAN:

1.   Continue Dilantin 300mg at bedtime - obtain trough serum Dilantin level
(Note: Adjust maintenance dose if serum level subtherapeutic).

2.   Recommend four or five hour oral glucose tolerance test for
documentation of presumed hypoglycemic episodes.

3.   Obtain EEG and brain MRI, latter to include high-resolution coronal
views of the hippocampi.

Thank you for referring this patient for Neurological Evaluation.




MITCHELL KAUFMAN, M.D., Neurologist                                    12-23-98

JONES, JOSEPH                            CDC#:                      D-41658
Neurologic Consult, CSP-LAC                                      (4483/0111)es

APR 10 1995

# COUNTY OF LOS ANGELES · DEPARTMENT OF HEALTH SERVICES

213 NORTH FIGUEROA STREET · LOS ANGELES, CALIFORNIA 90012 · (213) 974-

800-427-8700-Disc

July 2, 1992

Re:  Jones, Elenora

To Whom It May Concern:

Mrs. Elenora Jones was seen in our office with moderate to severe osteo and rheumatoid arthritis, both knees progressively disabling during the past three to six months.

In addition to arthritis, she has had some associated dyspnea on exertion and some nocturnal dyspnea.

Prognosis for Mrs. Jones' problems are guarded. Patient was strongly advised against any long distance travels, in direct conjunction with the aforementioned problems.

Conclusion:  1.  Very extensive degenerative changes in both knees.
2.  Arteriosclerotic heart disease, in failure.

Very truly yours,

San Fernando Health Services
Medical Correspondance

Enclosure (s):

MRS. Jones, Family IS
Advised very Strongly Not
To Leave Her By Her Self
Due To Her Alzheimer's
Disease . . .

_Elenora Jones_
Elenora Jones

_Faye Woods_
Witness



Appendix        F

*ca 5-25-05*

IN CUSTODY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## NORTH COUNTY DIVISION

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

WAYNE JOSEPH JONES,

*dob 08/18/57, Booking No. 05708897A;*

Defendant

CT No.  CN195245

DA No.  OAS592

COMPLAINT-FELONY

| INFORMATION |
| --- |
| Date:  _____ |

## PC296 DNA TEST STATUS SUMMARY

| fendant | DNA Testing Status |
| --- | --- |
| JONES, WAYNE JOSEPH | DNA Sample Not Required |

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
| --- | --- | --- | --- | --- | --- |
| 1 | PC484 | Felony | 16-2-3 | | |
| | JONES, WAYNE JOSEPH | | | PC666 | |

PC1054.3

PC667(b) thru (i) and PC1170.12

INFORMAL REQUEST FOR DISCOVERY

"THREE STRIKES LAW"

The undersigned, certifying upon information and belief, complains that in the County of San Diego, State of California, the Defendant(s) did commit the following crime(s):

# CHARGES

## COUNT 1 - PETTY THEFT, WITH A PRIOR

On or about May 22, 2005, WAYNE JOSEPH JONES did unlawfully steal, misappropriate and fraudulently take the property and labor of another, thereby committing the crime of petty theft, in violation of PENAL CODE SECTION 484.

And, it is further alleged that the defendant had previously been convicted of the following crime(s) and served a term therefor in a penal institution and been imprisoned therein as a condition of probation: a violation of PC664/211, to wit: (Date of Offense) 10-22-1991, (Date of Conviction) 04-01-1992, (Docket No.) SA008335, in the Superior Court, County of Los Angeles, State of California; a violation of PC211, to wit: (Date of Offense) 10-22-1991, (Date of Conviction) 04-01-1992, (Docket No.) SA008335, in the Superior Court, County of Los Angeles, State of California, within the meaning of Penal Code Section 666.

========================================

# PRIORS

## *WAYNE JOSEPH JONES:*

### PROBATION DENIAL PRIORS

And it is further alleged that said defendant, WAYNE JOSEPH JONES, was previously convicted twice or more in this state of a felony, and in any other place of a public offense which if committed in this state would be punished as a felony, within the meaning of PENAL CODE SECTION 1203(e)(4).

| Charge | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

### FIRST PRISON PRIOR

And it is further alleged that said defendant, WAYNE JOSEPH JONES served a separate prison term for such offense(s), which under California law is punishable by imprisonment in state prison whether in California or elsewhere, and that he has not remained free of prison custody and free of the commission of an offense resulting in a felony(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning of PENAL CODE SECTION 667.5(b) AND 668.

| Charge | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

# PRIORS (cont'd)

**WAYNE JOSEPH JONES:**

STRIKE PRIOR(S)

And it is further alleged pursuant to Penal Code sections 667(b) through (i), 1170.12, and 668 that the defendant, WAYNE JOSEPH JONES, has suffered the following prior conviction(s) and juvenile adjudication(s), which are now serious or violent felonies under California law whether committed in California or elsewhere.

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

NOTICE: Any defendant named on this complaint who is on criminal probation in San Diego County is, by receiving this complaint, on notice that the evidence presented to the court at the preliminary hearing on this complaint is presented for a dual purpose: the People are seeking a holding order on the charges pursuant to Penal Code Section 872 and simultaneously, the People are seeking a revocation of the defendant's probation, on any and all such probation grants, utilizing the same evidence, at the preliminary hearing. Defenses to either or both procedures should be considered and presented as appropriate at the preliminary hearing.

Pursuant to PENAL CODE SECTION 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by PENAL CODE SECTION 1054.3.

The People reserve the right to amend the accusatory pleading to further allege any and all facts in aggravation in light of Blakely v. Washington (6/24/2004) ___ U.S. ___ [124 S.Ct. 2531, 2004 WL 1402697].

Sheriff's records indicate that as of the booking date one or more defendants have not yet provided a DNA sample to the DOJ database. Pursuant to Penal Code Section 296(e), the court shall order collection of DNA from the defendant(s) if advised by the prosecuting attorney that a sample is required but has not been provided by the defendant. Pursuant to Penal Code sections 296/296.1, if not already required from a past conviction, any defendants who have not done so will be required to provide a sample upon conviction of this felony offense.

DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND H/  THIS COMPLAINT, CASE NUMBER CN195245, CONSISTS OF 1 COUNT.

Executed at Vista, County of San Diego, State of California, on May 25, 2005.

_____

COMPLAINANT

_____

NFORMATION

BONNIE M. DUMANIS
District Attorney
County of San Diego
State of California
, by:

_____

_____          Deputy District Attorney
Date

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br> Plaintiff, <br><br> v. <br><br> WAYNE JOSEPH JONES, <br> *dob 08/18/57, Booking No. 05708897A;* <br> Defendant | CT No. SCN195245 <br> DA No. OAS592 <br><br> AMENDED <br> INFORMATION |

## PC296 DNA TEST STATUS SUMMARY

| Defendant | DNA Testing Requirements |
|---|---|
| JONES, WAYNE JOSEPH | DNA sample required upon conviction |

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
|---|---|---|---|---|---|
| 1 | PC484 | Felony | 16-2-3 | | |
| | JONES, WAYNE JOSEPH | | | PC666 | |

PC667(b) thru (i) and PC1170.12       "THREE STRIKES LAW"

The District Attorney of the County of San Diego, State of California, accuses the Defendant(s) of committing, in the County of San Diego, State of California, the following crime(s):

## CHARGES

COUNT 1 - PETTY THEFT, WITH A PRIOR

On or about May 22, 2005, WAYNE JOSEPH JONES did unlawfully steal, misappropriate and fraudulently take the property and labor of another, thereby committing the crime of petty theft, in violation of PENAL CODE SECTION 484.

*[handwritten: Conell lve mid X 2 - + pris prian]*

*[handwritten: 4 + 2 = 6. y?]*

# CHARGES (cont'd)

And, it is further alleged that the defendant had previously been convicted of the following crime(s) and served a term therefor in a penal institution and been imprisoned therein as a condition of probation:

a violation of PC664/211, to wit: (Date of Offense) 10-22-1991, (Date of Conviction) 04-01-1992, (Docket No.) SA008335, in the Superior Court, County of Los Angeles, State of California;

a violation of PC211, to wit: (Date of Offense) 10-22-1991, (Date of Conviction) 04-01-1992, (Docket No.) SA008335, in the Superior Court, County of Los Angeles, State of California, within the meaning of Penal Code Section 666.

# PRIORS

## WAYNE JOSEPH JONES:

### PROBATION DENIAL PRIORS

And it is further alleged that said defendant, WAYNE JOSEPH JONES, was previously convicted twice or more in this state of a felony, and in any other place of a public offense which if committed in this state would be punished as a felony, within the meaning of PENAL CODE SECTION 1203(e)(4).

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC211 | 07/28/1986 | A095021 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| HS11350(a) | 09/25/1986 | A766586 | Superior Court | Los Angeles | CA |
| PC211 | 10/01/1986 | A774709 | Superior Court | Los Angeles | CA |
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

# PRIORS (cont'd)

*WAYNE JOSEPH JONES:*

## FIRST PRISON PRIOR

And it is further alleged that said defendant, WAYNE JOSEPH JONES served a separate prison term for such offense(s), which under California law is punishable by imprisonment in state prison whether in California or elsewhere, and that he has not remained free of prison custody and free of the commission of an offense resulting in a felony(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning of PENAL CODE SECTION 667.5(b) AND 668.

| Charge | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| PC211 | 07/28/1986 | A095021 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| HS11350(a) | 09/25/1986 | A766586 | Superior Court | Los Angeles | CA |
| PC211 | 10/01/1986 | A774709 | Superior Court | Los Angeles | CA |

## SECOND PRISON PRIOR

And it is further alleged that said defendant, WAYNE JOSEPH JONES served a separate prison term for such offense(s), which under California law is punishable by imprisonment in state prison whether in California or elsewhere, and that he has not remained free of prison custody and free of the commission of an offense resulting in a felony(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning of PENAL CODE SECTION 667.5(b) AND 668.

| Charge | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

# PRIORS (cont'd)

*WAYNE JOSEPH JONES:*

STRIKE PRIOR(S)

And it is further alleged pursuant to Penal Code sections 667(b) through (i), 1170.12, and 668 that the defendant, WAYNE JOSEPH JONES, has suffered the following prior conviction(s) and juvenile adjudication(s), which are now serious or violent felonies under California law whether committed in California or elsewhere.

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC211 | 07/28/1986 | A095021 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 09/18/1986 | A788789 | Superior Court | Los Angeles | CA |
| PC211 | 10/01/1986 | A774709 | Superior Court | Los Angeles | CA |
| PC664/211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |
| PC211 | 04/01/1992 | SA008335 | Superior Court | Los Angeles | CA |

Pursuant to PENAL CODE SECTION 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by PENAL CODE SECTION 1054.3.

The People reserve the right to amend the accusatory pleading to further allege any and all facts in aggravation in light of Blakely v. Washington (6/24/2004) ___ U.S. ___ [124 S.Ct. 2531, 2004 WL 1402697].

Sheriff's records indicate that as of the booking date one or more defendants have not yet provided a DNA sample to the DOJ database. Pursuant to Penal Code Section 296(e), the court shall order collection of DNA from the defendant(s) if advised by the prosecuting attorney that a sample is required but has not been provided by the defendant. Pursuant to Penal Code sections 296/296.1, if not already required from a past conviction, any defendants who have not done so will be required to provide a sample upon conviction of this felony offense.

THIS INFORMATION, NUMBERED SCN195245, CONSISTS OF 1 COUNT.

BONNIE M. DUMANIS
District Attorney
County of San Diego
State of California
by:

_____                    _____
Date                                                 Deputy District Attorney

Appendix          G

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

PEOPLE vs _Wayne Joseph Jones_ **Defendant**

**PLEA OF GUILTY/NO CONTEST – FELONY**

F I L E D
Clerk of the Superior Court
**APR 2 4 2006**
BY: KATHY MOORE

Court Number: _SCN 19 5 245_
DA Number: _CHS 512_

I, the defendant in the above-entitled case, in support of my plea of Guilty/No Contest, personally declare as follows:

1.   Of those charges now filed against me in this case, I plead _guilty_ to the following offenses and admit the enhancements, allegations and prior convictions as follows: _JWJ_

| COUNT | CHARGE | ENHANCEMENT/ALLEGATION |
|---|---|---|
| 1 | PC 459 | PC 666, PC 667(b)-(i)/1170.12 |
|  |  | + PC 1192117 |
|  |  | PC 211 (B 283556) [illegible] - 34 [illegible] SCA |
|  |  | + PC 211 (A772708)(b) 1/1/86 |

PRIORS: (LIST ALLEGATION SECTION, CONVICTION DATE, COUNTY, CASE NUMBER, AND CHARGE)
_PC 664/211  4/1/92  Los Angeles Co.  SA 008335 (Alleged also A758289_
_PC 211  1986  Los Angeles Co.  A695021  (A283556, A772709_
_alleged also A758289, A772709) on 266516 on 663.16)_
_+ real 9 (A758289 [illegible] [illegible] on 9/8/86) + 211 (n05013) (Ct?)_

2.   I have not been induced to enter this plea by any promise or representation of any kind, except: *(State any agreement with the District Attorney.)* _JWJ_
_Plead to the sheet, Range of 16 months to 5 years_
_(up to 25 years to life) on 2 spec._

3.   I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me. _JWJ_

4.   I understand that a plea of No Contest is the same as a plea of Guilty for all purposes. _JWJ_

5.   I am sober and my judgment is not impaired.  I have not consumed any drug, alcohol or narcotic within the past 24 hours. _JWJ_

**CONSTITUTIONAL RIGHTS**

6a.   I understand that I have the right to be represented by a lawyer at all stages of the proceedings.  I can hire my own lawyer or the Court will appoint a lawyer for me if I cannot afford one. _JWJ_

**I understand that as to all charges, allegations and prior convictions filed against me I also have the following constitutional rights, which I now give up to enter my plea of guilty/no contest:**

   6b.   I have the right to a **speedy and public trial by jury**.  **I now give up this right.** _JW_

   6c.   I have the right to **confront and cross-examine all the witnesses** against me.
   **I now give up this right.**

   6d.   I have the right to **remain silent** (unless I choose to testify on my own behalf). **I now give up this right.**

   6e.   I have the right to **present evidence in my behalf** and to have the court subpoena my witnesses at no cost to me. **I now give up this right.**

Defendant: _People v. Jones_                    CASE NUMBER: _SCN 195245_

## CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST     _2 yrs to life_

7a. I understand that I may receive this maximum punishment as a result of my plea: _75_ years in State Prison, $ _10,000_ fine and _4 to_ years parole (4, 7, 14, life) with return to prison for every parole violation. If I am not sentenced to prison I may receive probation for a period up to 5 years or the maximum prison term, whichever is greater. As conditions of probation I may be given up to a year in jail custody, plus the fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any condition of probation I can be sent to State Prison for the maximum term as stated above.     _JWJ_

7b. I understand that I must pay a restitution fine ($200 - $10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims.     _JWJ_

7c. I understand that my conviction in this case will be a serious/violent felony ("strike") resulting in mandatory denial of probation and substantially increased penalties in any future felony case.     _JWJ_

7d. I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an "Aggravated Felony" listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization.     _JWJ_

7e. I understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or parole in other cases, and consecutive sentences.     _JWJ_

7f. My attorney has explained to me that other possible consequences of this plea may be: (Circle applicable consequences.)     _JWJ_

(1) Consecutive sentences
(2) Loss of driving privileges
(3) Commitment to Youth Authority
(4) Registration as an arson / sex / narcotic / gang offender
(5) Cannot possess firearms or ammunition
(6) Blood test and saliva sample

(7) Priorable (increased punishment for future offenses)
(8) Prison prior
(9) Mandatory prison
(10) Presumptive prison
(11) Sexually Violent Predator Law
(12) Possible/Mandatory hormone suppression treatment

(13) Reduced conduct credits
  (a) Violent Felony (No credit or max. 15%)
  (b) Prior Strike(s) (No credit to max. 20%)
  (c) Murder on/after 6/3/98 (No credit)
(14) Loss of public assistance
(15) AIDS education program
(16) Other: _____
_____     _JWJ_

## OTHER WAIVERS

8. **(Appeal Rights)** I give up my right to appeal the following: 1) denial of my 1538.5 motion, 2) issues related to strikes priors (under PC sections 667(b)-(i) and 1170.12), and 3) any sentence stipulated herein.

9. **(Harvey Waiver)** The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

10. **(Arbuckle Waiver)** I give up my right to be sentenced by the judge who accepts this plea.

11. **(Probation Report)** I give up my right to a full probation report before sentencing.

SCN195245  DA  0AS59201    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE **04-14-06** AT **01:30** M.        ☐ CENTRAL ☒ NORTH ☐ EAST ☐ SOUTH
05708897    **MOTN REDCD TO MISD**

PRESENT: HON. ~~AARON H. KATZ~~  T. M. Casserly
(C. Wagner)
JUDGE PRESIDING DEPARTMENT __025__ 23

CLERK ~~G. LANE~~        REPORTER  C. Freed    CSR# 8695
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128
Kelly Rand

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
JONES    WAYNE    J        B - P.D  James N. Maynard
        DEFENDANT        ATTORNEY FOR DEFENDANT (APPTD/RETAINED)
DEPUTY DISTRICT ATTORNEY

VIOLATION OF i) *PC484/PC666
ALLEG(S): Priors        INT _____ ON FILE/SWN P
PRIOR(S) PC1203(e)(4), PC667.5(b)/668 X2    LANGUAGE _____

DEFENDANT ☒ PRESENT ☐ NOT PRESENT. (TRIAL) READINESS DATE **4-24-06** REMAINS AS SET / (CONFIRMED) VACATED.
L  ☐ COUNSEL & DEFENDANT STIPULATE TO PRELIMINARY / GRAND JURY TRANSCRIPT AS FACTUAL BASIS FOR PC 995 / PC 1538.5 MOTION.
   ☐ DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
A     ☐ GRANTED AS TO: _____
      ☐ DENIED AS TO: _____
W  ☐ DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PER PC 1538.5 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
      ☐ GRANTED AS TO: _____
      ☐ DENIED AS TO: _____
&  ☐ PEOPLE'S / DEFENDANT'S MOTION FOR DISCOVERY IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
      ☐ GRANTED AS TO: _____
M     ☐ DENIED AS TO: _____
O  ☒ OTHER MOTION(S): to Reduce to a Misdemeanor is Denied.
T  ☐ MOTION OFF CALENDAR WITH / WITHOUT PREJUDICE.
I
O  PEO. DEFT. WITNESSES SWORN & EXAMINED    P.D.C.  NO.    EXHIBIT DESCRIPTION    MRKD RCVD
N  [ ] [ ] _____ [ ] ___ _____ [ ] [ ]
   [ ] [ ] _____ [ ] ___ _____ [ ] [ ]
   [ ] [ ] _____ [ ] ___ _____ [ ] [ ]
   [ ] [ ] _____ [ ] ___ _____ [ ] [ ]
   [ ] [ ] _____ [ ] ___ _____ [ ] [ ]

CS ☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☐ WITH BAIL SET AT / REDUCED TO / INCREASED TO $___ ☐ PC1275.
UT ☒ DEFENDANT TO REMAIN AT LIBERTY ☒ ON BOND POSTED $**20,000** ☐ ON OWN/SUPERVISED RECOGNIZANCE.
SA ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ THIS CASE ONLY
TT
FE H ☐ DEFT'S WAIVER STATUTORY TIME FOR TRIAL.
U E _____ CONTINUED TO / SET FOR _____ AT _____ IN DEPT. _____
T A ON MOTION OF COURT / DDA / DEFENDANT. REASON: _____
UR R TRIAL DATE **4-24-06** REMAINS AS SET / (CONFIRMED) VACATED. READINESS DATE _____ REMAINS AS SET / VACATE
E I READINESS CONTD. TO / SET FOR _____ AT _____ IN DEPT. ___ MOTIONS DUE _____ DAYS LEFT **4**
N G
B W ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $___. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHELD TO _____
O A ☐ BENCH WARRANT ISSUED/ORDERED _____ IS RECALLED/RESCINDED.
N R ☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $_____ BOND NO. _____
D T BOND COMPANY _____ AGENT _____
S

OTHER:

SDSC CRM-2D(Rev. 10/04)        _Timothy M Casserly_
                JUDGE OF THE SUPERIOR
**CRIMINAL MINUTES -- LAW & MOTION**

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SAN DIEGO | |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: WAYNE JOSPEH JONES     DOB: 8-18-57

CASE NUMBER
SCN195248

AKA:

CII#: 05090732

BOOKING #: 05708897     ☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT     RACE BLCK     ☐ AMENDED ABSTRACT

| DATE OF HEARING 7-12-06 | DEPT. NO. 5 | JUDGE K. MICHAEL KIRKMAN |
|---|---|---|
| CLERK C. KOGER | REPORTER J. CASTRO | PROBATION NO. OR PROBATION OFFICER 21139273 |
| COUNSEL FOR PEOPLE M. ALLARD | | COUNSEL FOR DEFENDANT J. MAYNARD    ☐ APPTD. |

**1.** Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L,M,U) | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 484/666 | PETTY THEFT WITH PRIOR | 05 | 4-24-06 | | | X | M | 4 | 0 |

**2.** ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

**3.** ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667.5(b) | 1 | | | | | | | 1   0 |

☒ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $1000 per PC 1202.4(b) forthwith per PC 2085.5; $1000 per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☒ $CRJ/200 / ☒ Amount to be determined   to ☒ victim(s)*   ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).

TESTING: a. ☐ AIDS pursuant to PC 1202.1   b. ☒ DNA pursuant to PC 296   c. ☐ other *(specify)*:

Other orders *(specify)*:

| TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 5   0 |
|---|---|

☐ This sentence is to run concurrent with *(specify)*:

Execution of sentence imposed
a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other *(specify)*:

| DATE SENTENCE PRONOUNCED 7-12-06 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: 415 INCLUDING: | ACTUAL LOCAL TIME 277 | LOCAL CONDUCT CREDITS 138 | ☒ 4019 ☐ 2933.1 | TIME SERVED IN STATE INSTITUTION:   DMH   CDC   CRC |
|---|---|---|---|---|---|---|

The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
☐ other *(specify)*:

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE KOGER   C. Koger | DATE 7-14-06 |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Adopted for Mandatory Use
Judicial Council of California
290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170.1213, 1213.5



Appendix                    H

| Client | PD/APD # | ApptDate | Status | Court # | DA/CA # | Class | Type | Attorney |
|--------|----------|----------|--------|---------|---------|-------|------|----------|
| ones, Wayne | P05NAF12477 | 05/25/2005 | Open | CN195245 | OAS592 | 3 | Strike2 | Stone, Sherry |

| Staff | Date | Type | Hours | Miles | WorkDetailComment |
|-------|------|------|-------|-------|-------------------|
| Stone, Sherry | 07/13/2005 | Exp/Auth/Req | 0.50 | | expense authorization |
| | 07/13/2005 | Atty/Sent/Dispo | 1.20 | | motion to seal and admit expert, see file. letter to expert, see file. copied discovery to enclose. |
| | 07/13/2005 | Client Contact | 0.40 | | t/c w/ d: dr. rivers coming. adrian jones parole: 310-330-5482 x299. re-explained that we are not continuing case b/c strikes. re-explained offers and determinative sentencing. disc'd parole hearing tapes. wife upset w/ him; wife n/call investigator back yet. went to parole office, wife was there, d wants to know what was said there. d says that he shd've gotten the tapes already.<br><br>15m been out. d feels me. i'm a good atty. |
| | 07/18/2005 | Client Contact | 0.20 | | t/c w/ d: talked to dr. rivers. just found out my correct address. trying to get the tape but doesn't think it'll be a transcript, just the conclusion. |
| | 07/18/2005 | Phone Call | 0.10 | | msg fr dr. rivers: saw d. 619-206-1416 or tomorrow at 619-401-3516. lft msg for dr. rivers (619-206-1416) |
| | 07/19/2005 | Phone Call | 0.20 | | msg fr dr. rivers t/c w/ dr. rivers: she'll call me back msg fr dr. rivers: phones are down, can't leave a message. lft msg for dr. rivers (619-401-3516): phones are working again. |
| | 07/19/2005 | Phone Call | 0.30 | | t/c w/ dr. rivers: no major mental health issues except substance abuse. long history of criminal behavior. d can't stay out of trouble. was on Rx, said was supposed to be taking it now but hasn't gotten it. not psychotic. con-man, can't follow the rules. clearly competent. loves me. always looking for an angle, thinks he charming and glib. no disturbed thought process. d doesn't think he should do 25-life but did the crime. sexual abuse by half-brother. physical abuse by grandmother. anti-social tendencies. busted since 13y and just went downhill from there. very predatory and premeditated 211s, car accident and get into the car. she'll do a 1 page report. |
| | 07/19/2005 | Client Contact | 1.20 | | jail visit w/ D: filled out COP form but will wait for D to talk to his wife, D is to call me tomorrow. |
| | 07/19/2005 | Phone Call | 0.20 | | t/c w/ jeanne of dept 5: blue-slip for 7/25 ok blue-slip completed. |
| | 07/19/2005 | Atty/Sent/Dispo | 0.20 | | e-mail to greenberg and natalie, see file. |
| | 07/20/2005 | Phone Call | 0.10 | | 2 msgs fr robin jones: doesn't make sense for D to plead, stupidity of 2 people. lft msg for robin jones w/ son (323-299-7010) |
| | 07/20/2005 | Client Contact | 0.10 | | 2 msgs fr d: just talked to wife, he'll call me tomorrow. then, no go, nothing can happen. |

| ient | PD/APD # | ApptDate | Status | Court # | DA/CA # | Class | Type | Attorney |
|---|---|---|---|---|---|---|---|---|
| nes, Wayne | P05NAF12477 | 05/25/2005 | Open | CN195245 | OAS592 | 3 | Strike2 | Stone, Sherry |

| aff | Date | Type | Hours | Miles | WorkDetailComment |
|---|---|---|---|---|---|
| one, Sherry | 07/20/2005 | Atty/Sent/Dispo | 0.20 | | recd e-mail fr natalie, replied, see file. |
| | 07/20/2005 | Trial/Prep | 1.00 | | prep'd trial |
| | 07/21/2005 | Phone Call | 0.20 | | msg fr robin jones: don't understand why they want so much time, d needs rehabilitation. lft msg for robin jones w/ son (323-299-7010): tried to conference call her at work but no answer (like yesterday): northrop aerospace lab. told son i'm in the office all day today but will be at my desk at 2 p.m. today and tomorrow waiting for her to call. |
| | 07/21/2005 | Atty/Sent/Dispo | 2.00 | | miranda motion: disc w/ law clerk |
| | 07/21/2005 | Demo/Evid/Prep | 0.70 | | listened to parole hearing tape |
| | 07/21/2005 | Client Contact | 0.40 | | t/c w/ d: listened to tape, trying to get a hold of wife. re-explained priors. d going to try to hire attorneys. d wants marsden hearing. d upset b/c he wants a trial. d thinks there is not enough evidence. disc'd d's admission that would give her $100 to make her troubles go away. d set down napkins and water and he came back to and left them there. witness RAPs. thanks. |
| | 07/21/2005 | Client Contact | 0.30 | | t/c w/ d: lady pinta, bill cochran's boss or cochran; d wants me to subpoena them. d looked for wife. explained that very bad that tried to give money back was not good. hearing on monday. d wants marsden hearing. explained do marsden 1st then disc offer again, alvernez waiver. |
| | 07/21/2005 | Client Contact | 0.10 | | msg fr d: he wants me to subpoena dr. wright's psych records and there's a conflict of interest w/ dr. rivers. he'll call back. |
| | 07/21/2005 | Client Contact | 0.10 | | msg fr d: why did i move his ct date to 7/25? 60th day. |
| | 07/22/2005 | Client Contact | 0.10 | | msg fr d: talked to Mr. Bleetstein. not enough time. in lock down so can't get to phone. |
| | 07/22/2005 | Phone Call | 0.10 | | t/c w/ d's son, mom won't be back until 5:30 p.m. lft msg. |
| | 07/22/2005 | Client Contact | 0.10 | | msg fr d: why set 7/25? |
| | 07/25/2005 | Phone Call | 0.10 | | msg fr robin jones sent on sunday at 9 p.m.: msg to d that she's getting him an atty, needs 10d continuance. |
| | 07/25/2005 | Hearing | 2.00 | | disc w/ d: see file dept 5: kirkman/anear: marsden hearing denied. da will keep offer open till day of trial. if sent out, offer is off the table. as d is lead out, d thanks me and says he'll take the offer on thursday. |

| ient | PD/APD # | ApptDate | Status | Court # | DA/CA # | Class | Type | Attorney |
|------|----------|----------|--------|---------|---------|-------|------|----------|
| ies, Wayne | P05NAF12477 | 05/25/2005 | Open | CN195245 | OAS592 | 3 | Strike2 | Stone, Sherry |

| aff | Date | Type | Hours | Miles | WorkDetailComment |
|-----|------|------|-------|-------|-------------------|
| one, Sherry | 07/25/2005 | Phone Call | 0.30 | | t/c w/ d's wife, robin: disc'd message. explained that d did not ask for continuance despite the fact that i recd her message and relayed it to d. never did return $100 to casino. d has drug problem. he needs help. disc'd sentencing matrix. donald rosenstock is atty she was going to hire. she asked parole agent to keep him on parole longer than 1y. rosenstock wants 10d cont. he'll be back from vacation tomorrow. |
| | 07/26/2005 | Phone Call | 0.20 | | t/c w/ natalie: what happened yesterday? marsden. anear said he'd keep offer open till 7/28. disc'd witnesses: CW, Martinella, Milla, Radicia and John Ericson. no report for ericson, sub'd him b/c surveillance videotape. told da that D may plead, may ask for cont to hire private atty, may go to trial. no problem w/ da asking to trail to 8/1. |
| | 07/28/2005 | Hearing | 1.00 | | d refused to talk to me when i went back to holdilng; twice. |
| | | | | | dept 5: kirkman/natalie/anear/rosenstock: da wants to trail to monday, i have no opposition. rosenstock thinks d will come up with the money to hire him by monday, wants to trail the case to mid-week. agree to trail to thursday, 8/4. rosenstock to call da and i by tuesday to let us know.  i let court know that i cannot trail after that as i have 187 trial then stone has capital trial; so would have to cont to 12/05 if trail after that. |
| | | | | | time waiver taken til 8/4 or 20 days thereafter. |
| | | | | | d wants to give court notes but not go through me. bailiff takes it then gives me the notes. |
| | 07/28/2005 | Client Contact | 0.30 | | revd d's letters to judge, see file. |
| | 08/01/2005 | Phone Call | 0.10 | | e-mail fr natalie: rosenstock retained. |
| | | | | | msg fr rosenstock: retained, can i drop discovery off at his box instead of him coming to pick it up? |
| | 08/01/2005 | Disc/Obtain/Rev | 0.60 | | copied discovery, also giving rosenstock defense videotape and parole hearing tape. |
| | 08/01/2005 | Phone Call | 0.10 | | t/c w/ rosenstock (742-0077): will bring discovery on thursday |
| | | SubTotal | 31.70 | | |
| | | Grand Total | 51.00 | 52.00 | |

Appendix I

#D - 41658  B5 - 121

P.O. BOX 3030
SnsanVille, C.A.
96127

To: Director
WArm springs
Rehab center
38200 N. LAKe Hnehes Rd
CAStaic    C.A, 91310

RE: Enrollment of 05-27-05
For Joseph W. Jones SR

ISSNE: PROOF of Enrollment, Reqnest
for New Enrollment & Letter
To sentencing conRT.

Dear DirectoR,

Hope All is Well with you, AnD yonr
in the very best of GODS grace el'am
o'Kay. please Wonld you help me
What el Need is PROOF of date

— 1 —

| NAME AND ADDRESS OF COURT: Snperior CoNRT N. connty Vista. 325 s melrose DR Vista, C.A. 92081 | FOR COURT USE ONLY |
|---|---|
| NAME OF DEFENDANT: A K A WAYNE J, JoNes,<br>STREET ADDRESS: P.O. BOX 3030<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SuSanVille    96127 | |

**DATE OF COURT ORDER:**

(check one)

[✓] PROOF OF ENROLLMENT IN ALCOHOL OR DRUG PROGRAM

[ ] PROOF OF COMPLETION OF ALCOHOL OR DRUG PROGRAM

CASE NUMBER:

ScN19524

---

### DESCRIPTION OF ALCOHOL OR DRUG PROGRAM
Name of Program: WArm springs Rehab center
Address of Program:
Program License Number:          Program Telephone Number:

### PROOF OF ENROLLMENT

1. Defendant *(name)*:                                        enrolled in the alcohol or drug
   education program described above on *(specify date of enrollment)*: 05-27-05
   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:

_____Joseph W. JoNes SR_____          _____Joseph W. Jones Sr_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PROGRAM DIRECTOR OR INSTRUCTOR)

                                    _____
                                    (TITLE)

### PROOF OF COMPLETION

2. Defendant *(name)*:                                        successfully completed the alcohol or drug
   education program described above on *(specify date of completion)*:
   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:

_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PROGRAM DIRECTOR OR INSTRUCTOR)

                                    _____
                                    (TITLE)

---

— INSTRUCTIONS —

YOU NEED <u>TWO</u> OF THESE FORMS:
1. UPON ENROLLMENT IN A COURT-ORDERED ALCOHOL OR DRUG EDUCATION PROGRAM, FILL OUT THE PROOF OF ENROLLMENT PORTION OF ONE COPY OF THIS FORM AND FURNISH IT TO THE SENTENCING COURT WITHIN THE TIME AND IN THE MANNER SPECIFIED BY THE COURT.
2. UPON SUCCESSFUL COMPLETION OF THE PROGRAM, FILL OUT THE PROOF OF COMPLETION PORTION OF A SECOND COPY OF THIS FORM AND FURNISH IT TO THE SENTENCING COURT WITHIN THE TIME AND IN THE MANNER SPECIFIED BY THE COURT.

FAILURE TO COMPLY WITH THESE REQUIREMENTS MAY RESULT IN THE REVOCATION OF YOUR PROBATION.

SI USTED NO CUMPLE CON ESTOS REQUISITOS, SU INCUMPLIMIENTO PUEDE RESULTAR EN LA REVOCACION DE SU LIBERTAD CONDICIONAL.

---

Form Approved by the
Judicial Council of California
MC-400 [Rev. January 1, 1986]
Optional Form

**PROOF OF ENROLLMENT OR COMPLETION
ALCOHOL OR DRUG PROGRAM**

THOMSON
—★—
WEST

Veh. Code, § 23205

**Juan Alvarado**

| | |
|---|---|
| **From:** | Angela Estell [AEstell@cdd.lacity.org] |
| **Sent:** | Wednesday, March 30, 2005 10:02 AM |
| **To:** | Juan Alvarado |
| **Cc:** | Flora Stewart; Yolanda Raphael |
| **Subject:** | RE: CDBG WEEK-Speaker |

Thank you Mr. Alvarado,
Please advise Mr. Jones that we are putting his name on our Speakers List. His story is
inspirational and because your agency comes from our Workforce Development Division, it
underscores how important employment is in uplifting citizens and strengthening our tax
base.

Please advise Mr. Jones that he may park in lot 7, which is located at 140 N. Judege John
Aiso, one block East of Los Angeles Street and South of Temple(behind Parker Center). He
should bring the letter #2, that I sent to you and this will serve for free parking. Be
sure to put the letter on your stationary. Arrive at approximately 10:45, and walk over to
the Rally on the South Lawn of Los Angeles City Hall at 1st and Main.--check in with the
Speaker/Information table near the podium.
If you have any questions--please do not hesitate to email me.
Thank you ,
Angela Estell

>>> "Juan Alvarado" <JAlvarado@pvjobs.org> 03/30/05 08:42AM >>>
Hello Estell,

Thank you very much for the information.  I like to take this opportunity to provide you
with the name of our client/speaker.  He is Joseph W. Jones.  He has been with PVJOBS
since September 9, 2004.  He has in his background six of the eight at risk factors
qualifying him for participation in our program, including History of Involvement with the
justice system, homeless, unemployed, welfare recipient, did not complete high school, and
a household income below 50% of the median.
Any one of these factors would have qualified him for participation with PVJOBS.

In addition to these at-risk factors Joseph also came with a fervent desire to turn his
life around.  As he qualified by virtue of his residence within Council District 8, we
were able to enroll him in our CDBG funded program CONPLAN.  Ensuring that Joseph was well
outfitted with the proper power and other trade tools, he was placed with American
Constructors, a Playa Vista builder, where he has remained since September 13, 2004.

Joseph is well on his way along the road to success. Unequivocally, CDBG funding made the
crucial difference.

If you find the time within the busy schedule of the planned program, Mr. Jones'
presentation would be poignantly inspirational.

Please let me know if there is anything else I must do.

Best Regards,


Juan Alvarado
Program Manager, Playa Vista Job Opportunities and Business Services
(PVJOBS)
12555 West Jefferson Boulevard, Suite 185 Los Angeles, CA 90066 Phone (310) 448-4655 Cell
(310) 908-5527 Fax (310) 821-3338 www.pvjobs.org


-----Original Message-----
From: Angela Estell [mailto:AEstell@cdd.lacity.org]
Sent: Tuesday, March 29, 2005 1:07 PM
To: Khalid ALi; Juan Alvarado
Subject: CDBG WEEK

1

EXHIBIT A

# JOSEPH JONES SR.

4121 W. 58th Place
Los Angeles, Ca.    90043
(213) 299-7010

---

**OBJECTIVE:**    Full time position working in the construction industry, building a career.

**EXPERIENCE:**    **American Contractors**                                    Los Angeles, Ca.
*General Laborer*
- Painting, plasterer,water proofing, water puming.
- Cement finisher, framer
- Forklift Operator
- Electrician Helper

**E & P Maintanance Service**                              Los Angeles, Ca.
*Janitorial Supervisor*
- Office cleaning
- Stripping and buffing floors

**R & J Car Detail**                                              Los Angeles, Ca.
*Owner*
- Car detailing, upholstery, waxing.

**EDUCATION:**    High School/GED                                    Los Angeles, Ca.
State of California Dept. of Education

**REFERENCES:**    Available upon request

EXHIBIT 6

EXHIBIT B

1EA   000245 000001         0012588244  1

AMERICAN CONSTRUCTORS CALIFORNIA, INC.
16351 GOTHARD ST, SUITE A
HUNTINGTON BEACH, CALIFORNIA 92647
CONTRACTORS LICENSE #623413

Taxable Marital Status: Married
Exemptions/Allowances:
  Federal:  1
  State:    1

Social Security Number: 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

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.5000 | 40.00 | 420.00 | 420.00 |
| **Gross Pay** | | | **$420.00** | 420.00 |

| Deductions | | | |
|---|---|---|---|
| Statutory | | this period | year to date |
| Federal Income Tax | | -20.65 | 20.65 |
| Social Security Tax | | -26.04 | 26.04 |
| Medicare Tax | | -6.09 | 6.09 |
| CA State Income Tax | | -3.34 | 3.34 |
| CA SUI/SDI Tax | | -4.96 | 4.96 |
| **Net Pay** | | **$358.92** | |

Your federal taxable wages this period are $420.00

# Earnings Statement

ADP®

Period Ending:   09/19/2004
Pay Date:        09/23/2004

JOSEPH WAYNE JONES
4121 W. 58TH PLACE
LOS ANGELES, CA 90043

◄ TEAR HERE          ©2001 Automatic Data Processing, Inc.

# Earnings Statement

**ADP**®

1EA  000245 000001      0015918242    1

AMERICAN CONSTRUCTORS CALIFORNIA, INC.
16351 GOTHARD ST, SUITE A
HUNTINGTON BEACH, CALIFORNIA 92647
CONTRACTORS LICENSE #623413

Period Ending:    03/13/2005
Pay Date:    03/17/2005

JOSEPH WAYNE JONES
4121 W. 58TH PLACE
LOS ANGELES, CA 90043

Taxable Marital Status: Married
Exemptions/Allowances:
  Federal: 2
  State:  2

Social Security Number: 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

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0300 | 40.00 | 401.20 | 4,152.42 |
| Overtime | | | | 940.33 |
| Double Time | | | | 180.54 |
| **Gross Pay** | | | **$401.20** | 5,273.29 |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | -12.43 | | 252.06 |
| Social Security Tax | -24.87 | | 326.94 |
| Medicare Tax | -5.81 | | 76.46 |
| CA SUI/SDI Tax | -4.33 | | 56.95 |
| CA State Income Tax | | | 29.34 |
| **Net Pay** | **$353.76** | | |

Your federal taxable wages this period are $401.20

◄ TEAR HERE

©2001 Automatic Data Processing, Inc.

# Earnings Statement

**CO.** FILE    **DEPT.** CLOCK NUMBER  070
**1EA** 000245 000001  0015768951  1

AMERICAN CONSTRUCTORS CALIFORNIA, INC.
16351 GOTHARD ST, SUITE A
HUNTINGTON BEACH, CALIFORNIA 92647
CONTRACTORS LICENSE #623413

Period Ending:    03/06/2005
Pay Date:    03/10/2005

JOSEPH WAYNE JONES
4121 W. 58TH PLACE
LOS ANGELES, CA 90043

Taxable Marital Status: Married
Exemptions/Allowances:
  Federal: 2
  State: 2

Social Security Number: 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

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0300 | 40.00 | 401.20 | 3,751.22 |
| Overtime | 15.0450 | 3.00 | 45.14 | 940.33 |
| Double Time | | | | 180.54 |
| **Gross Pay** | | | **$446.34** | 4,872.09 |

| Deductions | | | |
|---|---|---|---|
| Statutory | | this period | year to date |
| Federal Income Tax | | -16.94 | 239.63 |
| Social Security Tax | | -27.67 | 302.07 |
| Medicare Tax | | -6.48 | 70.65 |
| CA State Income Tax | | -0.86 | 29.34 |
| CA SUI/SDI Tax | | -4.82 | 52.62 |
| **Net Pay** | | **$389.57** | |

Your federal taxable wages this period are $446.34

◄ TEAR HERE    ©2001 Automatic Data Processing, Inc.

# Earnings Statement

**ADP**®

AMERICAN CONSTRUCTORS CALIFORNIA, INC.
16351 GOTHARD ST., SUITE A
HUNTINGTON BEACH, CALIFORNIA 92647
CONTRACTORS LICENSE #623413

| Period Ending: | 02/20/2005 |
|---|---|
| Pay Date: | 02/24/2005 |

**JOSEPH WAYNE JONES**
**4121 W. 58TH PLACE**
**LOS ANGELES, CA 90043**

1EA   000245 000001      0015497423   1

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 2
State: 2

Social Security Number: 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

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0300 | 40.00 | 401.20 | 3,109.30 |
| Overtime | | | | 895.19 |
| Double Time | | | | 180.54 |
| **Gross Pay** | | | **$401.20** | 4,185.03 |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -12.43 | 222.69 |
| Social Security Tax | | -24.87 | 259.47 |
| Medicare Tax | | -5.81 | 60.68 |
| CA SUI/SDI Tax | | -4.33 | 45.20 |
| CA State Income Tax | | | 28.48 |
| **Net Pay** | | **$353.76** | |

Your federal taxable wages this period are $401.20

◄ TEAR HERE        ©2001 Automatic Data Processing, Inc.

**Earnings Statement**

ADP®

AMERICAN CONSTRUCTORS CALIFORNIA, INC.
16351 GOTHARD ST., SUITE A
HUNTINGTON BEACH, CALIFORNIA 92647
CONTRACTORS LICENSE #623413

Period Ending: 02/13/2005
Pay Date: 02/17/2005

JOSEPH WAYNE JONES
4121 W. 58TH PLACE
LOS ANGELES, CA 90043

| CO. | FILE | DEPT. | CLOCK | NUMBER |
|-----|------|-------|-------|--------|
| 1EA | 000245 | 000001 | 001538386 | 070 |  1 |

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 10.0300 | 38.00 | 381.14 | 2,708.10 |
| Overtime | 15.0450 | 5.50 | 82.75 | 895.19 |
| Double Time | | | | 180.54 |
| **Gross Pay** | | | **$463.89** | 3,783.83 |

Social Security Number: 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

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 2
State: 2

| Deductions | this period | year to date |
|------------|-------------|--------------|
| **Statutory** | | |
| Federal Income Tax | -18.70 | 210.26 |
| Social Security Tax | -28.76 | 234.60 |
| Medicare Tax | -6.73 | 54.87 |
| CA State Income Tax | -1.21 | 28.48 |
| CA SUI/SDI Tax | -5.01 | 40.87 |
| **Net Pay** | **$403.48** | |

Your federal taxable wages this period are $463.89

©1991 ADP, Inc.

◄ TEAR HERE        ©2001 Automatic Data Processing, Inc.



High School Equivalency Certificate

State of California

to certify that

Joseph Wayne Jones-Bey

has met the standards established by the California State Board of Education for successful completion of the tests of General Educational Development and is therefore entitled to this High School Equivalency Certificate.

December 1, 1995

President of the California State Board of Education

STATE DEPARTMENT OF EDUCATION OF CALIFORNIA

19951201B649

Appendix    J

Joseph ....... ....y .
#D - 41658   B4 - 204
Represa, C.A. 95671
P.O. Box 290006

The STATE BAR of C.A.
180 Howard St
S.F. , C.A. 94105 - 1639

      RE: Sheery Stone, DoNaLD m,
        Rosenstock, AnD James m.
        Maynard

    ISSnE: plaintiff WAYNe J, Jones. AKA
        Booking No. #5708897
        Case No:

Please take Notice that this is a com-
plaint on All (3) AttorNey's for Denying
The plaintiff proper AnD professionaL
Service.

            — 1 —

These Lawyer's Refuse the issue of
plaintiff psycological history And up
Date information for the Court.
James m. maynard, Refuse to Addressed
The issue of mental Health care, And
That the plaintiff Was Enroll in a Drug
program for the 27 of may And he
went to jail on this case on 05-22-05
That it Was Not the cause of plaintiff
What happen But his parole office for
Not Locking him up from his statement
on 05-20-05 At his office.

Plaintiff Tryed to up Date his
psycological history But When his New
parole office call to get him seen.

- 2 -

C.D.C.R. Refuse him C.C.C.M.S. care
When he Ask for it by teling his P.O.
That he Was very Disrespectfull the
Last time he Was in there office And
Wanted Nothing to do With the plaintiff

    C.D.C.R. parole hearing Refuse
To have a up Date Assessment on
plaintiff

    See Exhibit.


These fact's Was Not given to the
court that the Defendant tryed to
get mental Health care Day's before
his Arrest.


&mdash; 3 &mdash;

That his job And Wife place him in a program.

Most Very Important part of This Evidence Was the defendant's psycological History from sentencing court in 1992. Case No: SA008335 SAnta monica Superior court. that The Defendant Would Received proper And professional mental Health care in c D.C.R.

The Defendant did Not Received mental health professionally.

He had only (3) class ont of (12) year's in the program.

— 4 —

The C.C.C.M.S. is A joke in C.D.C.R.
And most Important & came in
C.D.C.R. on 07-24-06 And there's
No Drug program for a C.C.C.M.S.
At one place only.

C.D.C.R. Should explain Why
This I/m did Not get proper mental
Health care, most Important Why
He's Not getting it NoW out the Last
year.

Not only have this I/m Tryed
on his own to get in program's are
EVEN start Groups for Drug problem's
I/m And for H.C.V.

See Exhibit C

- 5 -

More So the Judge Ask maynard
Was it any Reason that sentence
Should be put off. he Refuse to state
my          FAmily HarDship on SAFEty,
AnD Bills.

He Refuse to Addressed mental
Health issue's AnD that C.D.C.R. had
Not in Fact Acting on the DA's oFFice
Request to the court that I/m Would
get the help He Needed in C.D.CR.

More So. No up to date History
of mental state At sentencing.

— 6 —

Psychiatric History MAY be
Relevant to any Type of crime
people Vs, Reber supra And people
Vs Duncan (2000) 78 C.A. 4TH
765, 93 - CR2d 173.

Due process of the LAW.

I, Joseph W. Jones SR. given MR. Rosenstock. $3.000 dollar's to take my case.

up on the one of the time's I meet with MR. Rosenstock, he did Not know me, And I Notice it was a problem. I EVEN have on Record the Judge Explain to Rosenstock, my deal was NeveR (6) year's but (8) year's.

MR. Rosenstock, did Not do EVEN one motion He did Nothing But make mistake's, he EVEN given ME All the Witnesses Address AND phone No's. He has ALheimers.

MR. Rosenstock, did Nothing but put my case OFF for $3.000 AND NeveR gotten The Deal he told me AND my family he gotten for (6) year's. Rosenstock, Should Not be a LAWYER any more. just talk to him. I'am Requesting Arbitration on Fee's form From your OFFice of the STATE BAR With this Complaint.

DATE: 12-10-06          X Joseph W. Jones
                          Joseph W. Jones

Superior North County Court

The Horonable m. Kirkman, Judge

325 s. melrose DR

Vista, C.A. 92083

RE: AKA WAYNE J. Jones
#05708897C,
Case No: SCN195245
D.A. File No: 0AS59201
Parole Dept
Probation No: 21139273

ISSnE: Evidence That Above
Dept Was Not Awear
of At sentencing..

That Was set for me to Enroll
There. And Would your program
Re-set this DAY to Enroll.
I've been Lock up from 05-22-05
KNoW Now that the court Would
Honor me A program if they
Knowed I Was Enroll there And
could Re-set my Enroll.
         Superior court of C.A.
                                    Dept 5
The honorable Kirkman, Judge
North county Div
325 S, melrose DR
Vista, C.A. 92081

            RE: Case No: SCN19524

         ISSue: F/m Joseph W. Jones SR
          -2-    AKA  Wayne J Jones

Please understand my job
Enroll me there P.V. job's
I didn't believe that your place
Was Nice as the parole Officer
told Me it Was.

if you Need Any more
Information on me feel
free to call my wife.
    MRS. Jones. (323) 299-7010

Please Also send me full
Information on your pro-
gram. Thank you And GOD
Bless.    Joseph W. Jones Bg.
        - 3 -

Both of these Attorney Refuse
To be professionaL.

Lynn setzler, special Investigator
Had Information to Evidence Very Im-
portant that the Judge could only Re-
Viewed.

1168 Union st  Ste 400  S.D.
C.A  92101 (619) 238-6765, FAX (619)
238-6775 CLeRB Case No. 05-113

psych Report's From parole

Hearing,

Superior CouRT  SAnta monica
C.A  90401  Case No: SA008335
(310) - 260 - 3641

L.A. mental Health  ste 101

- 1 -

1150   N. San Ferando RD   L.A C.A.
90065.

Vista Sheriffs Dept Psych
Dr. Wrights
325 S. melrose DR
Vista , C . A

Superior Court psych
Vista. DR. Rivers. (619) 401-3516

C.D.C.R. psych history, And
That client was Refnse mental
Health By parole office psych
And his mental health issnes

— 2 —

Both Attorney's Refuse to get
Evidence that Would of Clear him
Are gotten him in a program.

MAynarD, did Not even bring
up the issue of FAMILY SAFEty
AnD it Would be in my best Inter-
est to get professionaL help.

The point's should of been

Address Was Not. after the Remero
motion, should of came 17^b
When the Judge open the Door, AnD
made the Statement About the
Case Not being bad.
MAynarD, Like's to file un-
timely motion's. - 3 -

Joseph W. Jones-Bey. #D-41658
P.O. BOX 2900066 B4-204
Represa, C.A. 95671
        In pro- per

ARBitRATion committee S.D.
    Connty BAR

Joseph W. Jones, SR
        Applicant

VS

DonalD M. Rosenstock
    Respondent

Case No. GIC866854
Applicant STATE-
ment of FACTS


I was Re-7err to Rosenstock.

    Rosenstock, mess off my hold case
With Investigator Ballard, because he
wanted to wait week's after he was
paiD to Do his job. AnD when he did,
He did Not Tape, Are get her to
Sign her statement.
            ~ 1 -