1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   JOSEPH W. JONES-BEY,                    Civil No.    08-0680 L (CAB)
     CDCR# D-41658,
12
                              Plaintiff,     **ORDER:**
13
                                             **(1)  GRANTING MOTION TO**
14                                           **PROCEED** *IN FORMA PAUPERIS***,**
                                             **IMPOSING NO INITIAL PARTIAL**
15        vs.                                **FILING FEE AND GARNISHING**
                                             **$350.00 BALANCE FROM INMATES'S**
16                                           **TRUST ACCOUNT; and**

17   HARRAH'S RINCON HOTEL AND               **(2)  DISMISSING ACTION**
     CASINO, et al.,                         **WITHOUT PREJUDICE FOR**
18                                           **FAILING TO STATE A**
                                             **CLAIM AND FOR SEEKING**
19                            Defendants.    **MONETARY DAMAGES AGAINST**
                                             **DEFENDANTS WHO ARE IMMUNE**
20                                           **PURSUANT TO**
                                             **28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**
21

22         Plaintiff, a state inmate currently incarcerated at the California State Prison  located in

23   Sacramento, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42

24   U.S.C. § 1983.  Plaintiff is claiming that a security guard at Harrah's Rincon Hotel & Casino,

25   and later a sheriff's deputy, "illegally" arrested Plaintiff.  (*See* Compl. at 5.)  Plaintiff later had

26   his parole revoked due to the incident at the Casino.  (*Id.*)  Plaintiff has not prepaid the $350

27   filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma*

28   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

1    **I.      Motion to Proceed IFP [Doc. No. 2]**

2        All parties instituting any civil action, suit or proceeding in a district court of the United

3   States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

4   U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only

5   if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

6   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,

7   remain obligated to pay the entire fee in installments, regardless of whether their action is

8   ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

9   (9th Cir. 2002).

10       The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

11   § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

12   28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates

13   that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C.

14   § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

15   action or appealing a civil action or criminal judgment for the reason that the prisoner has no

16   assets and no means by which to pay the initial partial filing fee."). Therefore, the Court

17   **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing

18   fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated

19   shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment

20   provisions set forth in 28 U.S.C. § 1915(b)(1).

21    **II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

22       Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation

23   Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers

24   or employees of governmental entities and dismiss those or any portion of those found frivolous,

25   malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

26   from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

27   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

28   F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

1    Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

2    frivolous and malicious claims.   *Lopez*, 203 F.3d at 1126, 1130.   However 28 U.S.C.

3    §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

4    on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

5    pursuant to FED. R. CIV. P. 4(c)(2).   *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

6    a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

7    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   The district court should grant leave to

8    amend, however, unless it determines that "the pleading could not possibly be cured by the

9    allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

10   defect."   *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

11   1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

12   "[W]hen determining whether a complaint states a claim, a court must accept as true all

13   allegations of material fact and must construe those facts in the light most favorable to the

14   plaintiff."   *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

15   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").   However, while liberal

16   construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

17   1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

18   were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

19   (9th Cir. 1982).

20   As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

21   under 42 U.S.C. § 1983.   Section 1983 imposes two essential proof requirements upon a

22   claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

23   (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

24   Constitution or laws of the United States.   *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.

25   527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

26   *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

27   ////

28   ////

1    First, Plaintiff seeks to name Harrah's Rincon Hotel & Casino ("Harrah"), the alleged

2    victim Josephine Negrete and John Erickson, an employee of Harrah's, as Defendants in this

3    matter.  However, none of these Defendants are "state actors" for purposes of § 1983 liability.

4    Private parties do not generally act under color of state law; thus, "purely private conduct, no

5    matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland*

6    *Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08

7    (9th Cir. 1991).  While a plaintiff may seek to hold a private actor liable under section 1983, he

8    must allege facts that show some "state involvement which directly or indirectly promoted the

9    challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988);

10   *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997).  In other words, Plaintiff must

11   show that the private actor's conduct is "fairly attributable" to the government.  *Rendell-Baker*

12   *v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d

13   563, 567 (9th Cir. 1987).

14   Here, Plaintiff's Complaint fails to allege facts sufficient to show that Harrah's, Negrete,

15   or Erickson acted on behalf of, or in any way attributable to, the state.  Thus, without more,

16   Plaintiff's allegations against these Defendants fail to satisfy the first prong of a § 1983 claim.

17   *See Haygood*, 769 F.2d at 1354.

18   Second, Plaintiff names as a Defendant, Deputy Public Defender Sherry Stone.  To the

19   extent that Plaintiff is seeking to file a § 1983 action against the Deputy Public Defender who

20   was appointed to represent him in his criminal action, his claim must be dismissed.  Like the

21   previously named Defendants, a  person "acts under color of state law [for purposes of § 1983]

22   only when exercising power 'possessed by virtue of state law and made possible only because

23   the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S.

24   312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Attorneys

25   appointed to represent a criminal defendant during trial, do not generally act under color of state

26   law because representing a client "is essentially a private function ... for which state office and

27   authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d

28   1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed counsel are performing as

advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Defendant Stone must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).  *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

////

////

////

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against his criminal defense appointed counsel "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that the Deputy Public Defender appointed to represent him rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

However, even if Plaintiff could show that the criminal convictions upon which his claims are based have already been terminated in his favor, his Complaint still must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) to the extent it seeks monetary damages against Deputy District Attorney Natalie Villflor. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are

"intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Thus, Plaintiff's claims against Defendant Villflor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.

Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

////

////

////

////

1    **IT IS FURTHER ORDERED** that:

2    4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

3    §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

4    from the date this Order is "Filed" in which to file a First Amended Complaint which cures all

5    the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in

6    itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants

7    not named and all claims not re-alleged in the Amended Complaint will be deemed to have been

8    waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended

9    Complaint fails to state a claim upon which relief may be granted, it may be dismissed without

10    further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

11    *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

12    5.    The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

13    **IT IS SO ORDERED.**

14    DATED:  July 1, 2008

15

16    M. James Lorenz
      United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28